ADELPHA M. BLOSS, Appellant, v. DR. C. R. WOODSON SANITARIUM COMPANY and C. R. WOODSON.—5 S. W. (2d) 367.

Division One, April 11, 1928.

*Dort & Witte* and *Eastin & McNeely* for appellant.

*Brown, Douglas & Brown* for respondents.

ELLISON, C.—The plaintiff widow sues for $20,000 damages for the wrongful death of her husband, who suffered from a nervous malady accompanied by a suicidal tendency or mania. While under treatment in the defendants' sanitarium he hanged himself. The dereliction charged is that the defendants failed to protect the deceased from self-destruction. The trial court sustained a demurrer to the petition and the plaintiff has appealed.

The suit was filed April 2, 1923. The petition alleged that for a consideration of $35 per week the respondents contracted with the appellant to accept custody of her husband as a patient, to provide him with living quarters and accommodations, to treat him and to guard him against the dangers incident to his disease, they then and there well knowing of his condition. The pleading then continued:

"Plaintiff further states that the defendants, in violation of their said contract with plaintiff, and contrary to the representations and promises made at the time her said husband was placed as a patient with defendants, did not guard and protect her said husband, but did, in disregard of their said obligations and of the interests of said patient, leave him unguarded, so that on the 21st day of September, 1921, the said husband of plaintiff, by reason of the neglect of defendants as aforesaid and their failure to perform their obligations as herein alleged, and by reason of their gross neglect of the said patient as aforesaid, was permitted to wander away from defendants' hospital and without attendants; that her said husband was not found until the following day, when his body was discovered hanging from a tree, where by reason of his mental condition, well known to defendants, he had destroyed his own life; that but for the failure of defendants to guard and protect said patient as they agreed, and were bound to do, said patient would not have so destroyed his own life; that by reason of the facts herein alleged, plaintiff has been damaged in the sum of $20,000, for which she prays judgment, with her costs in this behalf expended."

The demurrer set up two grounds: (1) that the petition did not state a cause of action, and (2) that the action was barred by limitation. The theory of the demurrer was that the action sounded in tort and was controlled by the provisions of the damage statutes. [Chap. 26, Art. 1, R. S. 1919.] One of these, Section 4221, requires suit to be brought within one year after the accrual of the cause of action, and it will be noted this action was not instituted until more than a year and a half after the husband's death. The appellant seeks to avoid the bar of the statute by contending the action is *ex contractu* and not governed by it. To that respondents rejoin that

if the action is on contract the petition does not state a good cause of action, because no action for wrongful death can be maintained except under the statute.

Treating the action as one on contract, in harmony with appellants construction of the pleading, we are still clearly of the opinion that the demurrer was well ruled. In a scholarly brief counsel for appellant have traced and discussed the doctrine of the common law expressed in the maxim *Actio personalis moritur cum persona,* and have shown it had no application to causes of action arising in contract. Without following along the many inviting lines of inquiry suggested we may concede that is so. [See 1 R. C. L. p. 28, sec. 22.] But we are not concerned in this case with questions touching the survival of the cause of action, or the relief which may be awarded in contract actions in general. The contract pleaded was not one with the deceased. It was an engagement directly between the appellant and the respondents, and the point to be determined is whether she, as obligee, can maintain this suit on *her* contract for damages for his *wrongful death.*

. The law is to the contrary. As was said in Bates v. Sylvester, 205 Mo. 493, 499, 104 S. W. 73: "At common law the death of a human being gave rise to no civil action in behalf of any person under any circumstances as has often been decided by the appellate courts of this State." To the same effect as Gilkeson v. Mo. Pac. Ry. Co., 222 Mo. 173, 185, 121 S. W. 138, where it is declared, quoting from Mobile Life Ins. Co. v. Brame, 95 U. S. 754, 756, 24 L. Ed. 580: "The authorities are so numerous and so uniform to the proposition that, by the common law, no civil action lies for an injury which results in death, that it is impossible to speak of it as a proposition open to question." [See also 8 R. C. L. 719, sec. 15; 17 C. J. 1181, sec. 36.] Some of the cases put it that the death of a human being could not be complained of in a civil court as an injury, or that no private action (as distinguished from a criminal prosecution) for wrongful death was maintainable, but whatever the form of expression used it is not to be doubted that the rule applied to actions *ex contractu* as well as to actions *ex delicto.*

The case of Duncan v. St. Luke's Hospital, 113 App. Div. 68, 98 N. Y. Supp. 867, affirmed, memo., 192 N. Y. 580, 85 N. E. 1109, is very similar to this. There the husband sued the defendant hospital at common law for damages for breach of its contract with him to guard his insane wife while she was in its care as a patient under treatment. Failing to do so, the wife threw herself from a window and death resulted. It was held that the husband could not recover, both because it could not "fairly be held to be within the reasonable intendment of (the) contract that the hospital agreed to pay to the husband the value of his wife's life to him in case she did commit

suicide," and also because "it is settled by innumerable cases that the right to recover for the death of a human being is a right solely given by statute."

In the later case, Roche v. St. John's Riverside Hospital, 96 Misc. Rep. 289, 160 N. Y. Supp. 401, affirmed, memo., 176 App. Div. 885, 161 N. Y. Supp. 1143, the administrator of an infant child sued *ex contractu* for the wrongful death of the child to the use of the parents under the New York Damage Act. The contract with the hospital was made by the parents. It was held the suit was maintainable, but in so holding the New York court took occasion to say its conclusion was not out of harmony with the Duncan case, supra. On the contrary, the holding in that case was recognized as sound and the decision was distinguished on the ground that there the plaintiff had failed to avail himself of the damage statute and had cast himself on the common law. And so, on the point under consideration in the instant controversy, both the Duncan case and the Roche case may be taken as authority supporting the view heretofore indicated as our own.

We confess we are unable to discern the precise line of reasoning by which the Roche case arrived at the principal conclusion that the New York damage statute will sustain an action *ex contractu* for wrongful death, especially on a contract to which the deceased was not a party, but whatever it is it can have no application here. In the first place, appellant does not rely on the statute, and if she did the action would be barred by limitation, as we have seen; and in the second place, contrary to the New York rule, the doctrine in this State always has been that the wrongful death statutes confer a cause of action *ex delicto*—not one *ex contractu*. Such we understand to be the effect of many decisions, like Glen v. Hill, 210 Mo. 291, 299, 109 S. W. 27, 16 L. R. A. (N. S.) 699; State ex rel. Thomas v. Daues, 314 Mo. 13, 22, 283 S. W. 51; Betz v. K. C. So. Ry. Co., 314 Mo. 390, 397, 408, 284 S. W. 455. See also 17 C. J. 1204, sec. 54; 8 R. C. L. 726, sec. 21.

The judgment is affirmed. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.