**Frances M. KEENER, Respondent,**

v.

**DAYTON ELECTRIC MANUFACTURING COMPANY, Appellant.**

**No. 53845.**

Supreme Court of Missouri, Division No. 2.

Sept. 8, 1969.

Rehearing Denied Oct. 13, 1969.

Robert L. Shirkey, Dale Beal, Kansas City, for respondent.

Roy A. Larson, Kansas City, for appellant; Sprinkle, Carter, Larson & Hanna, Kansas City, of counsel.

DONNELLY, Presiding Judge.

This is a products liability case. Plaintiff, widow of Harold Keener, sued for his wrongful death and received a verdict against Dayton Electric Manufacturing Company in the amount of $20,000. The product in question is a sump pump sold by Dayton as a wholesale distributor.

In 1964, L. E. Whittaker, a handyman electrician, installed the pump in the basement of Joy Hollan's house. It rested in a sump in the basement floor and served to pump water out of the basement. Whittaker did not ground the pump when he installed it.

On September 21, 1965, after several days of rain, Joy Hollan went to her basement and found it flooded to a depth described as ankle deep. She called upon her friends, the Keeners, for assistance. After attempting unsuccessfully to empty the basement with a rented gasoline-powered pump, Harold Keener went to work on the Dayton pump. With the pump plugged into an

electric outlet, standing ankle deep in water with no rubber gloves or rubber boots, he stooped over and lifted the pump from the sump. When the pump cleared the floor of the sump, Keener received an electric shock which resulted in his death.

The pump, when sold by Dayton, was not equipped with a ground wire or an overload protector. Plaintiff alleges the pump was defective in these respects and seeks on appeal to sustain her recovery under a theory of strict liability in tort.

The law involving products liability has undergone dramatic change in recent years. See Prosser, The Fall of the Citadel (Strict Liability to the Consumer), 50 Minn.Law Review 791; Roberts, Implied Warranties—The Privity Rule and Strict Liability—the Non-Food Cases, 27 Mo.Law Review 194. In Morrow v. Caloric Appliance Corporation, Mo.Sup., 372 S.W.2d 41, this Court en Banc held that privity of contract was not necessary in order for the purchasers of a gas range to recover on implied warranty for fire damage against the manufacturer. See also Williams v. Ford Motor Company, Mo.App., 411 S.W.2d 443. We now adopt the rule of strict liability in tort stated in 2 Restatement, Law of Torts, Second, § 402A, as follows:

"(1) One who sells any product in a defective condition reasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

We adopt this rule of strict liability in tort for at least three reasons:

(1) " * * * The purpose of such liability is to insure that the costs of injuries resulting from defective products are borne by the manufacturers [and sellers] that put such products on the market rather than by the injured persons who are powerless to protect themselves." Greenman v. Yuba Power Products, Inc., 59 Cal.2d 57, 27 Cal.Rptr. 697, 377 P.2d 897, 901, 13 A.L.R.2d 1049.

(2) " * * * The main advantage to Missouri courts in fully adopting the *Restatement* theory could be release from the shackles of warranty language. Whether the words 'strict liability' or 'implied warranty' or both combined are used, the difference in Missouri would not be one of substance since our courts are clearly recognizing the tort nature of the liability imposed. However, using the language of the *Restatement* would avoid innumerable vexing problems that have arisen in other jurisdictions where the device of warranty is used to impose strict liability." Krauskopf, Products Liability, 32 Mo.L.Rev. 459, 469.

(3) It is essential now that the Bench and Bar of Missouri be given some sense of direction in products liability cases.

We turn then to the questions raised on this appeal:

█ (1) *May recovery for wrongful death be had in a products liability case in Missouri?* We hold that it may. We recognize that "the doctrine in this state always has been that the wrongful death statutes confer a cause of action *ex delicto*, not one *ex contractu*." Bloss v. Dr. C. R. Woodson Sanitarium Co., 319 Mo. 1061, 1067, 5 S.W.2d 367, 368. However, liability in products liability cases is no longer "governed by the law of contract warranties but by the law of strict liability in

tort." Greenman v. Yuba Power Products, Inc., supra, 377 P.2d 897, 901; 2 Restatement, supra, § 402A, p. 355. This is a tort action and recovery may be had for wrongful death.

■ (2) *May Dayton, a wholesale distributor, be held liable?* We hold that it may. The Restatement position is that § 402A, supra, "applies to any person engaged in the business of selling products for use or consumption." 2 Restatement, supra, § 402A, p. 350.

■ (3) *Was Harold Keener a "user or consumer," and, therefore, entitled to the protection afforded under § 402A, supra?* The Restatement position is that "user" includes "those who are utilizing * * * [the product] for the purpose of doing work upon it * * *." 2 Restatement, supra, § 402A, p. 354. We hold that Harold Keener was a "user" under § 402A, supra. Cf. Jacobs v. Frank Adams Electric Co., Mo.App., 97 S.W.2d 849, a negligence case.

■ (4) *Was Harold Keener guilty of "contributory negligence as a matter of law" as asserted by Dayton?* We hold he was not. Contributory negligence, as we ordinarily apply it, is not a defense to strict liability. The "defense which consists of voluntarily and unreasonably encountering a known danger * * * will, in general, relieve the defendant of strict liability." Prosser, The Law of Torts, 3rd Ed., § 78, p. 539. Cf. Goetz v. Hydraulic Press Brick Co., 320 Mo. 586, 9 S.W.2d 606, 60 A.L.R. 1064. The Restatement position is that if the user "discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery." 2 Restatement, supra, § 402A, p. 356. In 3 Restatement, Law of Torts, First, § 524, this defense is referred to as "contributory fault."

Dayton urges that Harold Keener must be convicted of "contributory negligence as a matter of law" because he lifted the pump out of the sump while standing ankle deep in water, with no rubber gloves or rubber boots, and with the pump plugged into an electric outlet. Dayton argues that this "was a voluntary exposure to a known danger." In a sense, the argument is of some persuasion. However, it misses the mark in this case involving strict liability in tort. There is no evidence, direct or circumstantial, on this record on this appeal that Harold Keener had knowledge that the pump was not equipped with a ground wire or an overload protector. Therefore, there is no evidence justifying a finding that Harold Keener became chargeable with knowledge of the "dangerous potentialities" of the pump *by reason of such defects.* Morrow v. Caloric Appliance Corporation, supra, 372 S.W.2d 41, 57. We agree that Harold Keener voluntarily exposed himself to a dangerous situation *if* he knew the pump was defective. However, there is no evidence to show that he knew the pump was defective. In these circumstances, plaintiff is not barred from recovery under a theory of "contributory fault."

■ (5) *In order to establish Dayton's liability, must the jury be required to find that Harold Keener was killed while using the pump in a way it was intended to be used?* We hold that it must. Greenman v. Yuba Power Products, Inc., supra; Cf. Lawson v. Benjamin Ansehl Co., Mo.App., 180 S.W.2d 751, and Cohagan v. Laclede Steel Company, Mo.Sup., 317 S.W.2d 452, negligence cases. The Restatement position is that a "product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling, * * *, the seller is not liable." 2 Restatement, supra, § 402A, p. 351.

Plaintiff's Instruction No. 3 reads as follows:

"Your verdict must be for Frances Keener if you believe:

First, plaintiff was the lawfully wedded wife and is the surviving widow of Harold Lee Keener, and

Second, defendant Dayton Electric Manufacturing Company, a corporation, sold the sump pump used by plaintiff's decedent, Harold Lee Keener, and

Third, the sump pump when used by decedent Harold Lee Keener, was in the same condition as when sold by defendant, and

Fourth, the sump pump did not work properly, and

Fifth, as a direct result plaintiff's decedent Harold Lee Keener died."

■ We hold that the case must be reversed and remanded because Instruction No. 3, plaintiff's verdict-directing instruction, failed to require a finding of an essential element necessary to establish the legal proposition upon which the right to it is based. Dill v. Dallas County Farmers' Exchange, Mo.Sup., 267 S.W.2d 677, 680.

The instruction is prejudicially erroneous because it failed to require a finding that the pump, as sold by Dayton, was defective and therefore dangerous when put to a *use reasonably anticipated,* and that it was used by Harold Keener in a *manner reasonably anticipated.* The requirement that the person injured be using the product in a way it was intended to be used is an element of plaintiff's cause of action. It is not a defense available to the manufacturer or seller as is "contributory fault."

If the evidence supports it on re-trial, an instruction in substantially the following form should be used:

Your verdict must be for plaintiff if you believe:

First, plaintiff was (here insert statutory qualification required to bring wrongful death action), and

Second, defendant sold the sump pump, and

Third, the sump pump, as sold by defendant, was defective and therefore dangerous when put to a use reasonably anticipated, and

Fourth, when Harold Keener used the sump pump it was in substantially the same condition as when sold by defendant, and

Fifth, Harold Keener used the sump pump in a manner reasonably anticipated and, as a direct result of the sump pump being defective, died.

[unless you believe plaintiff is not entitled to recover by reason of Instruction No. —— (here insert number of affirmative defense instruction)]. Cf. verdict-directing instructions MAI 20.01 and MAI 25.04, published since the trial of this case.

Dayton will then be entitled to a converse of plaintiff's verdict-directing instruction. MAI No. 29.01. This will enable Dayton to argue that Harold Keener, when he lifted the pump from the sump under the circumstances in evidence, put the pump to an abnormal use, did not use the pump in a manner reasonably anticipated, and did not use it in a way it was intended to be used.

■ If the evidence supports it on re-trial, Dayton may also submit the affirmative defense of "contributory fault." Harold Keener's knowledge of the defective and dangerous condition of the pump may be proved by circumstantial evidence. "But the circumstances must be such that the necessary fact may be inferred therefrom and must reasonably follow, so that the conclusion so reached is not the result of guesswork, conjecture or speculation * *." Herrman v. Daffin, Mo.App., 302 S.W.2d 313, 316.

The judgment is reversed and the cause remanded.

MORGAN, J., and RUDDY, Special Judge, concur.

FINCH, J., not sitting.