**MARYLAND CASUALTY COMPANY and Roy L. Downing, Appellants,**

v.

**DONDLINGER & SONS CONSTRUCTION CO., Inc., and Link-Belt Speeder Company, Appellees.**

**No. 19595.**

United States Court of Appeals, Eighth Circuit.

Jan. 12, 1970.

John A. Biersmith, of Biersmith & Walsh, Kansas City, Mo., for appellants; Rodger J. Walsh and Dana B. Badgerow, Kansas City, Mo., on the brief.

John J. Alder, of Alder & Risner, Shawnee Mission, Kan., for appellee Dondlinger; F. Philip Kirwan and Patrick E. Hartigan, of Margolin & Kirwan, Kansas City, Mo., on the brief.

Reed O. Gentry, of Rogers, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for appellee Link-Belt Speeder; Gene C. Morris, Kansas City, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal by plaintiffs Maryland Casualty Company and Roy L. Downing from judgment entered October 10, 1968, dismissing their claim against Link-Belt Speeder Company (Link-Belt); order denying plaintiffs' motion for a new trial as to Link-Belt entered November 21, 1968, and final judgment entered against plaintiffs on their claim against Dondlinger & Sons Construction Co., Inc. (Dondlinger), on November 20, 1968, upon sustaining of Dondlinger's motion for judgment n. o. v. Jurisdiction, based on diversity of citizenship, is established.

Dondlinger was the prime contractor on an extensive contract with the government to construct military housing at Fort Leonard Wood, Missouri. Wahib Steel Co. (Wahib) had a written subcontract with Dondlinger to furnish and place reinforcing steel for the project. Plaintiff Downing was a steel worker employed by Wahib. By its subcontract, Wahib was permitted the use of a crane owned by Dondlinger and operated by Dondlinger employees to hoist steel to places where needed for performance of the subcontract work. Downing, while working on the project as an employee of Wahib, was seriously injured when he was struck by a bundle of steel being handled by the crane. This action is brought to recover damages for such injury.

Link-Belt is the manufacturer of the crane involved in the accident. Plaintiffs' claim against Link-Belt is based on implied warranty and product liability.

Plaintiff Maryland Casualty Company is workmen's compensation insurer for Wahib. As such, it has paid or incurred liability to pay Downing some $130,000 in workmen's compensation benefits. Its claim in the present action is based on subrogation to Downing's rights to the extent of payments made or to be

made to Downing. The insurance company's rights depend on Downing's rights and Maryland Casualty Company can recover only if Downing prevails. For simplicity, we shall treat Downing as the sole plaintiff.

Plaintiffs' claims against both defendants were tried to a jury and submitted to the jury upon special interrogatories. Each defendant made timely motions for directed verdict upon the grounds hereinafter discussed. The jury found for the plaintiffs and against Dondlinger. The judgment was set aside on motion for judgment n. o. v. The jury found for Link-Belt on the products liability claim against it. Separate and distinct issues are raised with respect to the claims against each defendant. We shall deal with the claims against each of the defendants separately. For the reasons hereinafter stated, we find that the judgment entered against the plaintiffs and in favor of each defendant should be affirmed.

## CLAIM AGAINST DONDLINGER.

■ Judge Hunter, who tried this case, has filed a carefully considered and thorough memorandum opinion which fully sets out the facts and issues with respect to plaintiffs' claims against Dondlinger. Such opinion is reported at 294 F.Supp. 104. Judge Hunter in his opinion reviews in depth the pertinent Missouri law as reflected by the Missouri statutes and decided cases. He demonstrates that the controlling statute is § 287.040(3) V.A.M.S. and that under such statute the undisputed evidence establishes as a matter of law that Dondlinger, the prime contractor, is the statutory employer of Downing, an employee of subcontractor Wahib, and that hence under Missouri law workmen's compensation relief is the exclusive remedy and no action based on negligence can be maintained against Dondlinger. We affirm the ruling of the trial court sustaining defendant's motion for judgment n. o. v. and dismissing the action as to Dondlinger on the basis of Judge Hunter's well-considered reported opinion.

## CLAIM AGAINST LINK-BELT

The court submitted plaintiffs' claim against Link-Belt to the jury on special interrogatories inquiring separately whether the mechanical brake and the hydraulic brake were defective at the time the crane left Link-Belt's control. The jury gave a negative answer to such interrogatories. It is plaintiffs' position that the allegations of the complaint against Link-Belt based on product liability are broad and that they were entitled to have the case submitted to the jury on an issue of whether the crane sold and delivered by Link-Belt was satisfactory for its intended use rather than on the question of whether specific defects existed.

It is now clear that in product liability cases Missouri has adopted the law of strict liability as set out in Restatement of Torts 2d § 402 A; Keener v. Dayton Electric Mfg. Co., Mo., 445 S.W.2d 362. The court in *Keener* holds that a product liability action is a tort action and further holds that where there is sufficient evidence to support liability the instruction to the jury should be in the following form:

"Your verdict must be for plaintiff if you believe:

First, plaintiff was (here insert statutory qualification required to bring wrongful death action), and

Second, defendant sold the sump pump, and

Third, the sump pump, as sold by defendant, was defective and therefore dangerous when put to a use reasonably anticipated, and

Fourth, when Harold Keener used the sump pump it was in substantially the same condition as when sold by defendant, and

Fifth, Harold Keener used the sump pump in a manner reasonably anticipated and, as a direct result of the sump pump being defective, died.

[unless you believe plaintiff is not entitled to recover by reason of Instruction No. _____ (here insert number of affirmative defense instruction)]." 445 S.W.2d 362, 366.

In Ross v. Up-Right, Inc., 5 Cir., 402 F.2d 943, 946, the court states:

"Section 402A of the Restatement sets forth two requirements for liability of a manufacturer: that the product be 'in a defective condition' and that it be 'unreasonably dangerous'. 'Demanding that the defect render the product unreasonably dangerous reflects a realization that many products * * * have both utility and danger.'"

There is merit to appellants' contention that the special interrogatories submitted to the jury do not conform to the instructions suggested in *Keener.* *Keener* was decided subsequent to the trial of this case. In *Keener* the court reversed a verdict for plaintiff stating that the instruction given was prejudicially erroneous because "it failed to require a finding that the pump, as sold by Dayton, was defective and therefore dangerous when put to a *use reasonably anticipated,* and that it was used by Harold Keener in a *manner reasonably anticipated."* 445 S.W.2d 362, 366.

In our present case we are satisfied that any error committed by the court in the product liability instructions resulted in no prejudice to the plaintiffs. In comment g. to § 402 A of Restatement it is stated:

"The burden of proof that the product was in a defective condition at the time that it left the hands of the particular seller is upon the injured plaintiff; and unless evidence can be produced which will support the conclusion that it was then defective, the burden is not sustained."

■ Before a product liability case can properly be submitted to the jury under Missouri law, there must be proof which would warrant a finding that the product was defective and therefore dangerous when put to a use reasonably anticipated. Such proof may be circumstantial as well as direct. However, a verdict may not rest entirely on guess or speculation. United States Rubber Co. v. Bauer, 8 Cir., 319 F.2d 463, 465–466.

In our view, there is no evidence from which an inference can reasonably be drawn that the crane was defective or dangerous when put to a use reasonably anticipated. Judge Hunter, in an unreported memorandum opinion overruling the motion for a new trial, states: "There was testimony by numerous witnesses that the crane had no defects at the time it was delivered to Dondlinger; that it had functioned perfectly up until the time of the accident; that it continued to function without problem after the accident; and that it was still being used by Dondlinger at the time of the trial." There is no substantial evidence to the contrary. The court advised counsel in submitting the case against Link-Belt to the jury that it had grave doubt whether a submissible case on product liability had been made, and that if it had committed error in making the submission, the error could be reconsidered on a motion for judgment n. o. v.

Plaintiffs do not point to any evidence to support their contention that the crane was defective at the time of the accident or that it was dangerous when put to its intended use. The issue of defect in the mechanical or hydraulic brakes was specifically submitted to the jury and answered in the negative. It is of some significance that the jury in an answer to an interrogatory found the operator of the crane to be negligent. Link-Belt had no control over the operator. This finding does not foreclose the possibility of a defect in the crane being a proximate cause of the injury but it eliminates any reasonable possibility of predicating liability on any theory of res ipsa loquitur.

■ Absent evidence to support a cause of action against Link-Belt on product liability, the defendant is entitled to a directed verdict. Since a verdict in favor of plaintiffs on product lia-

bility cannot stand, any error in the instructions upon such issue cannot result in any prejudice to the plaintiffs.

The judgment sustaining Dondlinger's motion for judgment n. o. v. and vacating the judgment and dismissing the claims of both plaintiffs against Dondlinger is affirmed and the judgment denying plaintiffs' motion for a new trial and dismissing the claims of both plaintiffs against Link-Belt is affirmed.