**Marion GREENER and Edward B. Greener, Appellants,**

v.

**Robert L. GREEN, M.D., et al., Appellees.**

**No. 71-1209.**

United States Court of Appeals, Third Circuit.

Submitted March 14, 1972.

Decided May 31, 1972.

Albert S. Fein, Fein, Criden, Johnson, Dolan & Morrissey, Philadelphia, Pa., and Julien, Glaser, Blitz & Schlesinger, New York City, for appellants.

E. Paul Maschmeyer, Philadelphia, Pa., for appellee, Hahnemann Medical College and Hospital.

Perry S. Bechtle, Philadelphia, Pa., for appellees, Green, Wolferth and Oaks.

Before MAX ROSENN and JAMES ROSEN, Circuit Judges, and TEITELBAUM, District Judge.

OPINION OF THE COURT

TEITELBAUM, District Judge.

This is an appeal from verdicts, both judicial and jury, adverse to the appel-

lants in a medical malpractice case. The basic facts are as follows: (1) on July 11, 1965, appellant Marion Greener was admitted to Hahnemann Hospital, Philadelphia, Pennsylvania, as the patient of Dr. Charles C. Wolferth, Jr., M.D., for treatment of a neuroma of her left foot; (2) on July 19, Dr. Robert L. Green, M.D., operated on Mrs. Greener's left foot to correct the neuroma; (3) Dr. Wilbur W. Oaks, Jr., M.D., examined Mrs. Greener on July 22, and at that time diagnosed the development of thrombophlebitis; (4) on July 24, Dr. Oaks ordered the immediate administration of Heparin, an anti-coagulant used to treat thrombophlebitis; and (5) when Mrs. Greener's condition worsened, Dr. Wolferth successfully performed a life-saving vena-cava ligation on July 30, 1965. The Hahnemann Hospital and Drs. Wolferth, Green, and Oaks are the appellees.

The allegations of malpractice around which the trial revolved were whether or not the Heparin was prescribed early enough, administered promptly enough and, thereafter, administered properly. At the conclusion of the appellants' case at the trial, the trial judge entered directed verdicts for appellees Hahnemann Hospital and Dr. Wolferth. The jury's verdict was in favor of appellees Drs. Oaks and Green.

While many assignments of error are made by the appellants, that central to this appeal is that the trial judge erred by making remarks in open court which were substantially and harmfully prejudicial to the appellants. The remark to which the appellants most strenuously object was made by the trial judge while the appellants' only expert witness, Dr. David H. Smith, M.D. was testifying. At the time, the appellants' lawyer was attempting to elicit from Dr. Smith an opinion as to the medical and surgical propriety of Mrs. Greener's general post-operative care. The question which was framed to elicit the opinion made no specific reference to any of the individual appellees. With the completion of the question, the trial judge remarked as follows:

"THE COURT: Just a moment. If there is an objection it is sustained.

Now, Mr. Glaser [appellants' lawyer] I will try to make it as clear as I can what I mean when I say I expect you to be specific is that I can't permit you and I won't permit you to make generalizations against three doctors and the hospital in these general terms. Now, you have chosen here to sue three doctors and the hospital. *Now, I am not going to allow you to throw a blanket over all of them and try to catch somebody."* [Emphasis supplied.]

When it was suggested to the judge that his remark was "highly prejudicial", he replied as follows:

"THE COURT: Perhaps so. Do you want a mistrial?"

At that, appellants' lawyer indeed moved for a mistrial.

Both the judge's remarks and the appellants' lawyer's replies were made in open court in the presence of the jury. Only after the motion for a mistrial was made, did the judge excuse the jury. The motion was then argued out of the presence of the jury and denied. When the jury was returned no mention was made to them of the motion or its disposition. In fact no reference was made to the matter until later in the trial when the judge indicated that any statement that he makes is between himself and the lawyers, that no colloquys between himself and the lawyers are to be regarded as evidence, and that the verdict is to be based solely on the evidence.

█ █ As stated in Nordmann v. National Hotel Company, 425 F.2d 1103 (5th Cir. 1970),

"[I]t is well-established that the conduct of a trial judge must be measured by a standard of fairness and impartiality."

Of course, each case must be considered on its own merits. In this case, while we understand the import of the trial judge's remark in a legal context, we are unconvinced that the jury was not likely

misled by it to the prejudice of the appellants. We think, further, that it was sufficiently prejudicial to avoid a classification of "harmless error". Nor was the error cured by the judge's later ambiguous admonition to the jury. Thus, this case must be remanded for a new trial.

At the new trial we suggest that the plaintiff be afforded an opportunity to attempt to qualify Dr. Smith, if he is again called as an expert, not only as to matters of surgery, but also as to matters of surgical procedure, both pre and post-operative. We also suggest that the plaintiff be afforded an opportunity to attempt to qualify him as to any other medical matters for which he may be competent, including the standards of conduct applicable to hospitals as well as doctors.

There remains for our disposition the matter of who will be the defendants at the new trial. Obviously Drs. Oaks and Green must be defendants. As to Hahnemann Hospital, it too must be a defendant. The trial judge granted the directed verdict as to the hospital on the basis that there was no evidence of negligence on its part, notwithstanding the evidence of Dr. Oaks' relationship with the hospital, and the evidence, *albeit* sketchy, regarding the nurses' administration of the Heparin. At the new trial, the addition of the potentially enlargeable testimony of Dr. Smith, particularly as to post-operative hospital procedures may make out a case against the hospital at least sufficient for submission to a jury. As to Dr. Wolferth, however, we think the trial judge correctly directed a verdict in his favor in the total absence of evidence of negligence by him, either as master or servant. See Yorston v. Pennell, 397 Pa. 28, 153 A.2d 255 (1959); McConnell v. Williams, 361 Pa. 355, 65 A.2d 243 (1949).

The judgments entered by the district court, except that with respect to Dr. Wolferth, will be vacated, and the case will be remanded for further proceedings consistent with this opinion.