536 S.W.2d 203 (1976)
BROWNING FERRIS INDUSTRIES OF ST. LOUIS, MISSOURI, INC. (formerly C & E Hauling Co., Inc.), Appellant,
v.
BADEN TIRE CENTER, INC., Respondent.
No. 36816.
Missouri Court of Appeals, St. Louis District, Division Three.
April 13, 1976.
*204 Roger M. Hibbits, Florissant, for appellant.
Austin C. Knetzger, St. Louis, for respondent.
KELLY, Judge.
This is an appeal from a court tried case wherein the appellant sought to recover of the respondent $4,300.00 damages occasioned when appellant's 1967 Mack refuse trash collection truck was damaged when a tire loaned to appellant by respondent blew out causing appellant's truck to run off of the traveled portion of Highway 70 in St. Louis County and into a ditch. Respondent offered no evidence. The trial court rendered judgment for the respondent and after appellant's motion to amend or to set aside judgment or, in the alternative, to grant a new trial, was denied, a timely notice of appeal was filed.
On appeal, appellant contends that the trial court erred in rendering its judgment in favor of the respondent because the judgment was contrary to the evidence. We affirm.
An appellate court in reviewing a case tried without a jury reviews the case upon both the law and the evidence as in suits of an equitable nature and gives due regard to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.01(a) and (b).
Appellant's evidence, presented through the testimony of Scott Evert, the appellant's general manager, and Raymond B. Fischer, an employee of the appellant who was operating appellant's truck at the time of the occurrence in evidence, was that on January 22, 1969, appellant, was engaged in the trash disposal business. Respondent was in the business of buying, selling and repairing automobile and truck tires. For some time prior to January 22, 1969, respondent had repaired and recapped tires for appellant's trucks, and prior to that date appellant had delivered some of its truck tires to respondent for repairs. When this was done is not shown in the record. During the afternoon of January 22, 1969, Mr. Fischer was operating appellant's 1967 Mack refuse trash collection truck in the vicinity of St. Charles Rock Road and Taussig Avenue in St. Louis County when one of its front tires became flat. Mr. Evert was notified of this circumstance and went to respondent's place of business to pick up one of the tires it had there for repair. When Mr. Evert arrived there he was advised by Mr. Crader, respondent's manager, that the tires appellant had brought there for repairs were not yet repaired but offered to loan Mr. Evert a tire for the truck. Mr. Crader made no representations as to the quality of the tire he was offering to loan to Mr. Evert and when the tire was given to Mr. Evert he could see that it was not a new tire, but was a used tire. The loaned tire was mounted on a wheel and although he could observe the exterior of the tire he could not see the condition of its interior. There was no discussion between Mr. Evert and Mr. Crader about any financial arrangements for the loan of the tire. Mr. Evert took the tire, loaded it into his vehicle and conveyed it to the scene of the flat tire where he and Mr. Fischer installed it on the truck. When this was accomplished Mr. Evert left. Mr. Fischer then resumed driving the truck and after he had traveled a distance of approximately two miles and was proceeding over and along Highway 70 at a speed of approximately 40 m. p. h. the loaned tire blew out and caused the truck to leave the traveled portion of the highway and run into a ditch on the side of the highway, causing damage to the truck. Mr. Evert was summoned to the scene and upon arriving there he inspected the loan tire and observed that it had a hole in the sidewall area which he described as a "blow-out."
Although neither party requested findings of fact or conclusions of law, the trial court stated in the record that the tire was *205 loaned; that there was no guarantee or warranty; that it was a bailment, without any agreement for a charge; and thereupon held that there was no showing of exclusive management or control or superior knowledge in the respondent so as to support a res ipsa theory of recovery.
In this court appellant takes the position that although its First Amended Petition pleaded res ipsa loquitur and general negligence, the evidence proved a case of strict liability and this court should reverse the trial court and enter a judgment for the appellant.
It is apparent from the record that the trial court conceived appellant's First Amended Petition to allege a res ipsa theory and at the time he made the finding that the evidence did not support a res ipsa case the appellant's counsel made no mention that its theory of the case was any other than res ipsa. It is in this court for the first time that this contention is made. It comes too late. Kenner v. Aubuchon, 280 S.W.2d 820, 826[1] (Mo.1955).
Nevertheless, as the Supreme Court of this state said in Katz v. Slade, 460 S.W.2d 608, 611 (1970), the doctrine of strict liability has not been applied to the situation involving mutual benefit bailments by the courts of this state. Appellant has admitted that the relationship between the parties constituted a bailment and we agree. Its own evidence established that no consideration for the loan of the tire had been discussed or even mentioned and nothing was said by respondent's manager concerning the quality of the used tire being loaned. Nor is there any evidence in the record that as a part of its tire business respondent made a practice of loaning tires to its customers nor to appellant. This was at best a strictly incidental and collateral convenience to the appellant by the loan of a used tire to it under the circumstances.
However, even were this a case of strict liability, appellant, as the plaintiff in the trial court, had the burden of proving that the tire had a defect which caused the blow-out. This, appellant utterly failed to do. In the absence of proof of defect in the loaned tire, appellant argues that the fact that the loaned tire blew out within minutes after it was installed on the truck and had been driven only a distance of approximately two miles is proof that the tire was defective, i. e. only a defective tire would blow out. We cannot accept this thesis because there are many causes for a tire to blow out, only one of which may be a defect in the tire. Appellant produced no evidence whatsoever as to how long the loaned tire was in respondent's possession; whether there was a patent defect which respondent either had knowledge of or in the exercise of ordinary care could have been discovered by respondent's inspection of said tire; or whether there was a latent defect known to respondent and not known to appellant or which respondent could have discovered by inspection. Vogelgesang v. Waelder, 238 S.W.2d 849, 855[5] (Mo.App.1951). We do not even know from this record whether the tire was one for a truck of the type it was loaned; whether it would sustain the weight of a truck of this kind with or without a defect. Whether appellant's truck was empty or weighted with trash is not disclosed. In this void, we cannot find error in the trial court's judgment and hold, rather, that the trial court reached the correct result.
If, as appellant suggests, its theory was res ipsa, and if we should find authority to extend res ipsa to this type of situation, the trial court here heard the evidence and declined to infer negligence from the evidence before it. Res ipsa merely permits the trier of the fact to find negligence and liability from a given set of facts; it does not compel the finder of the facts to do so. We likewise conclude that under the facts in this record we find no compelling reason to infer actionable negligence on the part of respondent and affirm the judgment of the trial court.
SIMEONE, P. J., and GUNN, J., concur.