**Larry C. SMITH, Plaintiff,**

v.

**NICK'S CATERING SERVICE and DiPinto Manufacturing Company, Defendants.**

No. 75–1036C(4).

United States District Court, E. D. Missouri, E. D.

Sept. 7, 1976.

is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property . . . [emphasis added].

It is clear from the facts alleged herein that defendant Nick's Catering Service was not a seller of the product which caused plaintiff's injury. See Comment *f*, § 402A.

Accordingly, defendant's motion will be granted.

Elmer C. Oberhellmann, St. Louis, Mo., for plaintiff.

George E. Lee, St. Louis, Mo., for Nick's Catering Service.

W. Munro Roberts, Jr., St. Louis, Mo., for DiPinto Mfg. Co.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon the motion of defendant Nick's Catering Service to dismiss plaintiff's complaint as to it for failure to state a claim. Plaintiff filed suit, pursuant to 28 U.S.C. § 1331, seeking damages for injuries sustained when his head struck a portion of a truck owned by defendant Nick's Catering Service, and bought from defendant Di Pinto Manufacturing Company, the manufacturer. Plaintiff claims defendants are liable on the basis of strict liability in tort.

In *Keener v. Dayton Electric Manufacturing Company*, 445 S.W.2d 362 (Mo.1969), the court adopted § 402A of the Restatement, Law of Torts, Second, as stating the law of strict liability in tort. That section provides in part:

(1) One who *sells* any product in a defective condition unreasonably dangerous to the user or consumer or to his property