**Larry C. SMITH, Plaintiff-Appellant,**

v.

**NICK'S CATERING SERVICE, Defendant-Appellee.**

**No. 76–1821.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1977.

Decided Feb. 25, 1977.

---

Elmer C. Oberhellmann, St. Louis, Mo., for plaintiff-appellant.

George E. Lee and Doris J. Banta, St. Louis, Mo., for defendant-appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Larry C. Smith appeals from the district court's dismissal of his diversity complaint for failure to state a claim. We affirm the judgment of dismissal.

Defendant Nick's Catering Service is a food catering service engaged in the business of selling food and beverages on location to industrial workers and other purchasers. The company owns approximately 20 trucks, each of which it leases, together with a route, to a driver. The drivers buy their merchandise from Nick's at wholesale cost and resell it at retail prices to their customers. The leasing cost paid by each driver is computed as a percentage of sales. Nick's cleans, services and lubricates the trucks.

On or about February 8, 1971, Smith sustained personal injuries when his head struck a portion of one of Nick's trucks, which was parked outside Smith's place of employment in the City of St. Louis. Smith was in the process of purchasing coffee and other beverages at the time. The body of the truck had been manufactured by the Di Pinto Manufacturing Co.

On November 12, 1975, Smith commenced this diversity action against Nick's, alleging that the truck was in a defective and unreasonably dangerous condition, and that his injuries were the proximate result thereof. Smith sought $300,000 in damages. In an amended complaint, f'''d on July 30, 1976, Smith named Di Pinto as an additional defendant.

On motion of Nick's Catering Service, the district court, on September 7, 1976, dismissed the complaint as to Nick's for failure to state a claim. Construing the complaint as resting on a theory of strict liability in tort, the court held that under Restatement (Second) of Torts § 402A (1965), adopted by the Missouri Supreme Court in *Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362, 365 (1969), only a seller of a product is subject to strict liability, and that Nick's was not a seller of the product which caused Smith's injury. The court subsequently dismissed the action as to Di Pinto as well, on grounds that it was barred by the statute of limitations. This appeal followed.

On appeal Smith challenges only the dismissal as to Nick's. He contends that under Missouri law, which all parties agree is controlling, the doctrine of strict liability applies to commercial lessors as well as sellers, that Nick's was such a lessor, and that the court, therefore, erred in holding that he failed to state a claim under a strict liability theory.

Section 402A of the Restatement (Second) of Torts (1965) provides that only a *seller* of a product may be held strictly liable, and some jurisdictions have refused to apply the doctrine to parties other than sellers. *See, e. g., Speyer, Inc. v. Humble Oil & Refining Co.*, 275 F.Supp. 861, 868 (W.D.Pa.1967), *aff'd*, 403 F.2d 766, 771 (3d Cir. 1968). Other jurisdictions, however, have extended strict liability to mass lessors who put products in the stream of commerce in a fashion not unlike a manufacturer or a retailer, and who are in a position to spread the loss as a cost of doing business. *See, e. g., Cintrone v. Hertz Truck Leasing & Rental Service*, 45 N.J. 434, 212 A.2d 769 (1965). Still others have indicated that virtually any lessor who places a product in the market may be held strictly liable. *See, e. g., Price v. Shell Oil Co.*, 2 Cal.3d 245, 85 Cal.Rptr. 178, 181, 466 P.2d 722, 725 (1970).

Of the three views set forth above, the prevailing one among jurisdictions which

have considered the issue is that strict liability may be invoked against lessors, but only as to a mass lessor who can be likened to a manufacturer or retailer. Missouri has had occasion to consider the application of strict liability to lessors or bailors in two cases. In *Katz v. Slade,* 460 S.W.2d 608 (Mo.1970), the Missouri Supreme Court refused to extend strict liability to a municipal golf course in a case in which a golfer was injured by a defective electric golf cart rented from the golf course. Noting that the golf course was a municipally operated, nonprofit, recreational and amusement facility; that it rented golf carts as an incidental and collateral convenience; and that the rental transaction more closely resembled a license than a lease, the court stated:

> In this background we find no compelling reasons to impose absolute liability upon the city. Under the circumstances of this case we adhere to the previous holdings restricting the application of the rule of strict liability in tort to mass producers and distributors of the products of industry. In other jurisdictions where the rule has been extended to lessors they have been mass lessors placing their products in the stream of commerce as an integral part of the over-all marketing enterprise. They have been commercial distributors on a large scale engaging in profit-making businesses organized for economic gain. They have advertised widely, holding out their offerings as suitable and safe for use by members of the public who are relatively powerless to protect themselves.

*Id.* at 613 (footnote omitted).

In *Browning Ferris Industries v. Baden Tire Center, Inc.,* 536 S.W.2d 203 (Mo.App. 1976), the Missouri Court of Appeals held that a tire company could not be held strictly liable to a customer to whom it loaned a defective tire for use while the customer's tire was being repaired. The court stated that there was no evidence that the tire company made a practice of loaning tires to its customers and that the transaction was at best an incidental and collateral convenience. It further stated that "the doctrine of strict liability has not been applied to the situation involving mutual benefit bailments by the courts of this state," *Browning Ferris Industries v. Baden Tire Center, Inc., supra,* 536 S.W.2d at 205, *citing, Katz v. Slade, supra,* 460 S.W.2d at 611. In addition to these cases, in interpreting uncertain areas of state law, the district court's analysis is entitled to "great weight." *Rochholz v. Farrar,* 547 F.2d 63 (8th Cir. 1976); *Lienemann v. State Farm Mutual Auto Fire & Casualty Co.,* 540 F.2d 333, 342 (8th Cir. 1976).

On the basis of the foregoing, we conclude that the district court correctly determined that Smith could not recover from Nick's on a strict liability theory under Missouri law. To the extent that the Missouri courts have indicated a willingness to extend the strict liability doctrine to lessors, it seems likely that they would adopt the prevailing view that only a mass lessor similar to a manufacturer or a retailer could be held strictly liable. Nick's is not that type of lessor. The arrangement between Nick's and its truck lessees is not analogous to a sale. Rather it appears to be a substitute for Nick's operating the trucks itself and employing drivers on a salaried basis.

The judgment is affirmed.