**Clarence HAINES, Appellant,**

v.

**POWERMATIC HOUDAILLE,
INC., Appellee.**

**No. 81–1010.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1981.

Decided Oct. 8, 1981.

---

the danger of operating the saw without the guard. The case was removed to federal district court. The parties consented to trial before a United States Magistrate and agreed that any appeal would be to this court pursuant to 28 U.S.C. § 636(c). The case was submitted to a jury which returned a verdict in favor of Powermatic. Haines appeals on the grounds that the magistrate erred in (1) failing to grant his motion for a mistrial following the court's comment regarding plaintiff's previous knowledge of the blade guard, and (2) instructing the jury as to plaintiff's voluntary and unreasonable exposure to a known risk and the absence of defendant's duty to warn. We affirm.

Gray & Ritter, Thomas C. DeVoto, argued, St. Louis, Mo., for appellant.

Eugene K. Buckley, argued, Carl D. Kraft, Evans & Dixon, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

In May, 1978, Clarence Haines was severely injured while operating a table saw at the Coast Guard base carpentry shop in St. Louis, Missouri. The table saw was manufactured by Powermatic Houdaille, Inc. The injury occurred while Haines was using the saw alone without the blade guard in place. Haines was guiding a board through the saw with his hands several inches from the blade when the wood lifted up and kicked back, throwing his left hand into the blade. As a result of the accident, Haines became partially disabled and left the Coast Guard as a Temporary Disabled Retiree.

Haines filed suit in state court against Powermatic charging that the saw's defective design created an unreasonable risk of harm. The saw was allegedly defective because the blade guard had to be removed for certain operations of the saw, and because there was no warning given against

I.

The parties agree that the magistrate, in sustaining an objection before the jury, erroneously stated that: "As a matter of fact, the plaintiff in this case has already indicated his knowledge of the existence of the guard." Haines had not so testified. The appellant promptly objected and moved for a mistrial. The magistrate denied the motion but immediately instructed the jury that the court's comments were not evidence to be considered by the jury. The magistrate gave similar cautionary instructions at the beginning of the trial, at another time during the trial, and at the close of all the evidence.

Federal trial judges are accorded the right to comment upon the evidence to the jury. They may not, however, prejudice or mislead the jury. *E. g., Ah Lou Koa v. American Export Isbrandsten Lines, Inc.,* 513 F.2d 261, 263 (2d Cir. 1975); *Greener v. Green,* 460 F.2d 1279, 1280–1281 (3rd Cir. 1972). While cautionary instructions will not always cure erroneous judicial comments, here the magistrate's repeated cautionary instructions made clear that the court's statements were not evidence and that the jury—not the court—was to make the ultimate assessment of facts. *See Skogen v. Dow Chemical Co.,* 375 F.2d 692, 703 (8th Cir. 1967). We have carefully re-

viewed the record and conclude that Haines was not prejudiced by the magistrate's erroneous statement. Therefore, his motion for a mistrial was properly denied. *E. g., Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1292–1293 (5th Cir.), *cert. denied*, 419 U.S. 1096, 95 S.Ct. 687, 42 L.Ed.2d 688 (1974); *Skogen v. Dow Chemical Co., supra*, 375 F.2d at 703.

## II.

■■■ Haines concedes that he was aware that he would be injured if he came into contact with an unguarded saw blade. He argues, however, that there was no evidence that he voluntarily and unreasonably exposed himself to a known danger because he did not know, nor was it obvious, that the saw could cause a board to kick back and throw the operator's hand into the unguarded blade. Consequently, he contends that the magistrate erred in giving any instructions to the jury as to contributory fault,[1] and the absence of a duty to warn. *See Bern v. Evans*, 349 F.2d 282, 290 (8th Cir. 1965) (trial court committed reversible error by submitting issue of contributory negligence to a jury when there was no evidence to support the defense). We disagree.

■■■ When there is evidence, direct or circumstantial, to support a party's theory of a case, he is entitled to have the jury charged regarding the claim or defense. *Strudl v. American Family Mutual Insurance Co.*, 536 F.2d 242, 246 (8th Cir. 1976). Here, evidence was introduced from which it can be inferred that the danger of using an unguarded saw was open and obvious, and that Haines voluntarily and unreasonably encountered a known risk. John Lett, a

civilian carpenter employed at the Coast Guard base, testified that prior to the accident, Haines had used the table saw when the guard was in place; and that at the time of the accident, Haines knew that the guard was not in place and the blade was completely exposed. He further noted that Haines had been told not to use the table saw alone because of the danger involved. Moreover, a sign was posted in the carpentry shop warning employees not to operate the saw without a guard. Finally, Haines admits that he knew he would be hurt if he came in contact with the blade. Based on this evidence, the magistrate did not commit reversible error by instructing the jury with respect to contributory fault,[2] and the absence of a duty to warn.

Affirmed.

■■■

---

1. Under Missouri law, a manufacturer has no duty to warn against risk of harm if the dangerous conditions of its product are open, obvious and apparent, or if the plaintiff had actual knowledge of the dangers. *E. g., Coleman v. Buehner*, 444 S.W.2d 16, 22 (Mo.App.1969). Missouri law also recognizes contributory fault as a defense to strict liability. This defense arises when a plaintiff voluntarily and unreasonably encountered a known danger. *E. g., Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362, 365 (Mo.1969). Haines does

not contend that the trial court's instructions regarding duty to warn and contributory fault incorrectly summarized the relevant law.

2. Because we hold that sufficient evidence was introduced to support the trial court's duty to warn and contributory fault instructions, we need not reach Powermatic's claim that Haines failed to preserve any error in those jury instructions for appeal by not objecting to them at trial.