Ronald Wayne HAMLETT, Michael Lee Hamlett, and Lori Beth Hamlett, Minors, by their Next Friend, Melanie HAMLETT, and Melanie Hamlett, Plaintiffs,

v.

TRAILMOBILE, INC., a foreign corporation, Defendant.

No. S84–0233C.

United States District Court,
E.D. Missouri,
Southeastern Division.

Aug. 18, 1986.

Memorandum and Order Sept. 24, 1986.

C.H. Parsons, Jr., Parsons, Mitchell & Wilson, P.C., Dexter, Mo., for plaintiffs.

James A. Cochrane, III, Finch, Bradshaw, Strom & Steele, Cape Girardeau, Mo., for defendant.

## JUDGMENT

WANGELIN, District Judge.

This matter is before the Court for entry of judgment after a three-day jury trial commencing July 14, 1986.

The jury was asked in the special verdict form submitted by the Court to determine issues of fact regarding plaintiffs' theory of strict products liability under Section 402A of the Restatement (Second) of Torts as adopted in *Keener v. Dayton Electric Manufacturing Co.*, 445 S.W.2d 362 (Mo. 1969), using Missouri Approved Instructions. The jury found that all the necessary elements were present for defendant to be strictly liable to plaintiffs under Missouri law. The jury was also asked in the special verdict form to determine the total amount of plaintiffs' damages. Those total damages were found by the jury to be Eight Hundred Thousand Dollars ($800,-000.00).

At the time of trial, plaintiffs requested the Court submit to the jury a verdict form which did not allow the jury to consider any fault on the part of Ronnie Hamlett which may have contributed to his death. (Instruction C). The Court, in reliance upon the ruling of Judge Arnold in *Gearhart v. Uniden Corporation of America*, 781 F.2d 147 (8th Cir.1986), refused to submit the above referenced verdict form. The Court, therefore, at defendant's request and over the objection of plaintiffs, asked the jury in the special verdict form to determine the percentage of fault attributable to any negligence on the part of Ronnie Hamlett. The jury then determined in their verdict that Ronnie Hamlett was eighty percent (80%) at fault due to his negligence in the matter. The jury's findings upon its special verdict were taken under advisement by the Court, and the parties were requested to submit proposed forms of judgment.

■ Subsequent to the jury's special verdict and prior to the date of this judgment, the Missouri Supreme Court issued its ruling in *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491, (Mo. En Banc 1986) (1986). In *Lippard*, the Court held that comparative fault theories have no place in strict liability cases such as the case at bar. (At page 491–92). In *Lippard*, which is almost identical to the case at bar, the Court found that the verdict, in spite of the errors in submission, provided a sufficient basis for calculating plaintiffs' damages on a proper legal theory. (At page 494) *Cf. Hudson v. Carr*, 668 S.W.2d 68, (Mo. En Banc 1984). The Court in *Lippard* reversed the cause and remanded the matter with directions to enter judgment for the plaintiff for the full amount of damages determined by the jury. (At page 494).

■ The Court finds that under Missouri law, as articulated in *Lippard v. Houdaille*, supra, that defendant is liable to plaintiffs for the total amount of plaintiffs' damages as determined by the jury in its special verdict. Moreover, pursuant to Missouri law, defendant is not entitled to a reduction of those damages based upon Ronnie Hamlett's comparative fault.

IT IS, therefore, ORDERED, ADJUDGED and DECREED that plaintiffs Ronald Wayne, Michael Lee, Lori Beth, and Melanie Hamlett have judgment against defendant Trailmobile, Inc. on all counts of plaintiffs' complaint in the amount of Eight Hundred Thousand Dollars ($800,000.00), and defendant shall be and is liable to plaintiffs in the amount of Eight Hundred Thousand Dollars ($800,000.00) with interest compounded daily at the rate of six and eighteen-hundreds percent (6.18%) from the date of this judgment. The parties shall be responsible for their own costs.

## MEMORANDUM AND ORDER

This matter is before the Court upon defendant's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial.

Defendant has argued that it is entitled to a judgment notwithstanding the verdict because "the uncontroverted evidence shows that the product in question was not in substantially the same condition as when sold." However, the jury was instructed on this point, and therefore must be presumed to have found that the prop brace was defective and has not been altered. The law in Missouri is clear that any changes which did not cause the defect are, as a matter of law, not substantial changes and do not defeat a strict product liability claim. *Williams v. Deere & Company*, 598 S.W.2d 609 (Mo. 1980); *Winters v. Sears*, 554 S.W.2d 565 (Mo.App. 1977).

■ Defendant next contends that it is entitled to a new trial on the grounds that the Court erred in allowing the jury to consider comparative fault, in disregarding the $160,000 verdict, and in allowing Bob Hamlett to testify as to a similar occurrence. Rule 51 of the Federal Rules of Civil Procedure plainly provides that "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection." Defendant simply did not comply with that rule. In fact, defendant urged the Court to submit a special verdict form which allowed the jury to consider Mr. Hamlett's comparative fault.

■ Defendant's next contention that this Court disregarded the jury's $160,000 verdict is also without merit. The Missouri Supreme Court has made it absolutely clear that it is appropriate to enter a judgment for the full amount of the damages where the verdict form makes a determination of that amount possible in a case which was incorrectly submitted using comparative fault instructions. *Lippard v. Houdaille*, 715 S.W.2d 491, (Mo. Banc 1986).

■ Finally, defendant seeks a new trial on grounds that this Court erred in allowing Bob Hamlett to testify as to a similar occurrence. The Court allowed Mr. Hamlett to so testify on grounds that a similar

occurrence may tend to show a reasonably anticipated use for the product. As such, the testimony was properly allowed into evidence, and defendant is not entitled to a new trial.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, be and is DENIED.