Betty BURLISON, Appellant,

v.

WARNER–LAMBERT
COMPANY, Appellee.

No. 87–1217.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 15, 1987.

Decided March 17, 1988.

Rehearing Denied April 8, 1988.

Roman de la Campa, Sioux City, Iowa, for appellant.

Michael R. Hellige, Sioux City, Iowa, for appellee.

Before JOHN R. GIBSON,
BOWMAN and WOLLMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Betty Burlison appeals from the judgment entered against her on her claim against Warner–Lambert based on an anaphylactic reaction allegedly caused by its product, Hall's mentholyptus cough tablets. While the jury was deliberating, it requested further explanation of one instruction, but returned a verdict in favor of the defendant before the inquiry was answered. In ruling on Burlison's motion for a new trial, the district court[1] determined that the instruction was erroneous, but that such error was harmless because a directed verdict should have been granted for Warner–Lambert. We conclude that this ruling of the district court was correct and that it renders consideration of any trial errors unnecessary. *Burlison v. Warner–Lambert Co.*, No. C 83–4210 (N.D.Iowa Jan. 15, 1987). We accordingly affirm the judgment of the district court.

On January 5, 1982, Burlison took three Hall's mentholyptus cough drops. She took one at 8:50 p.m., one at 9:20 p.m., and one at 10:10 p.m. Shortly after Burlison took the last tablet, her throat began to swell and she had difficulty breathing. She went into shock and was taken to a hospital, where she continued to have trouble breathing and temporarily lost her eyesight. Her complaint alleges that she was diagnosed as having suffered an anaphylactic or severe allergic reaction to the cough drops.

On December 13, 1983, Burlison filed this diversity action, alleging that the Hall's tablets caused her anaphylactic reaction and that Warner–Lambert was negligent in failing to warn about such reactions and in mislabeling the product. On December 4, 1984, Warner–Lambert moved for summa-

1. The Honorable Donald E. O'Brien, Chief United States District Judge for the Northern District of Iowa.

ry judgment on the ground that Iowa law does not permit recovery from the manufacturer of a product to which the plaintiff is allergic. *See Bonowski v. Revlon, Inc.,* 100 N.W.2d 5, 9 (Iowa 1959). The district court denied this motion on the basis of the facts then in evidence, ruling that Warner–Lambert had not established its right to judgment beyond controversy, *see Bradsher v. Missouri Pac. R.R.,* 679 F.2d 1253, 1256 (8th Cir.1983), and that in any event sound judicial discretion dictated that the case be fully developed at trial, *see McLain v. Meier,* 612 F.2d 349, 356 (8th Cir.1979). *Burlison v. Warner–Lambert Co.,* No. C 83–4210 (N.D.Iowa March 21, 1986).

A jury trial was held in October of 1986. At the close of the evidence Warner–Lambert moved for a directed verdict. Although persuaded that a directed verdict was appropriate, the district court denied the motion to avoid the possibilities of a retrial and a second appeal. *See Hladyshewski v. Robinson,* 557 F.2d 1251, 1255 n. 3 (8th Cir.1977).

The case was submitted to the jury and a little more than two hours later the jury sent the marshal up with a copy of Instruction 11 and an oral request for further explanation of the instruction. The court then informed the jury that it needed a written question or statement in order to respond. A short time later, the marshal returned and informed the court that the jury had reached a verdict. The court reconvened the jury and took the verdict for Warner–Lambert.

On October 17, 1986, Burlison filed her motion to set aside the verdict and for a new trial. In ruling on the motion, the district court concluded that it had erred in giving Instruction 11. While conceding the difficulties created by the unanswered jury inquiry, the court also concluded that it had no choice but to accept the verdict. It then proceeded to review the record, concluded that there was insufficient evidence for a jury issue, and accordingly denied the motion.

On appeal Burlison argues that she is entitled to a new trial because of error in

Instruction 11 and because of the court's error in failing to provide the jury with an answer to its inquiry. Burlison also contends that the district court's ruling on summary judgment was res judicata, barring later entry of judgment for Warner–Lambert, and that the district court erred in refusing her requested instructions on mislabeling.

The district court found that Burlison had presented insufficient evidence to establish a jury question as to whether Warner–Lambert knew or had reason to know that some consumers might be allergic to Hall's tablets, and that no warning on the Hall's package could have prevented Burlison's reaction, because there was no evidence that Burlison knew she was allergic to the menthol in the tablets. *See Bonowski,* 100 N.W.2d at 8–9; *cf. Sterling Drug, Inc. v. Cornish,* 370 F.2d 82, 84–85 (8th Cir.1966). The evidence was such that a directed verdict for Warner–Lambert should have been granted, *see Carper v. State Farm Mut. Ins. Co.,* 758 F.2d 337, 340 (8th Cir.1985), and any error in Instruction 11 was therefore harmless. *See Preble v. Broderick,* 535 F.2d 605, 613 (10th Cir.1976); *Maryland Casualty Co. v. Dondlinger & Sons Constr. Co.,* 420 F.2d 1368, 1371–72 (8th Cir.1970).

The district court did not err in concluding that there was insufficient evidence to support a verdict for the plaintiff. Burlison's expert witness, pharmacist Ed Hines, testified that he had reviewed the medical literature, but could not point to any reported case of a Hall's tablet causing an allergic or anaphylactic reaction. Burlison also called Dr. Joseph Clark, a long-time Warner–Lambert research employee, as an adverse witness. Clark testified that the complaints received about Hall's tablets involved customers who had broken their teeth on the product or claimed the cough drops did not work. None of the complaints were similar to Burlison's, and Clark also stated that no allergic reactions had been reported in the tests conducted on Hall's tablets.[2] Warner–Lambert's wit-

---

**2.** Burlison argued before the district court that

Dr. Clark's pretrial deposition contained admis-

nesses likewise denied knowledge of similar reactions, and Burlison did little, if anything, to impeach their testimony. There was also no evidence that Burlison knew she was allergic to any of the ingredients in the tablets. The district court correctly concluded that there was no submissible jury issue and that any error in Instruction 11 was therefore harmless.

Burlison's most troublesome argument is that the denial of Warner–Lambert's motion for summary judgment was res judicata, precluding later entry of judgment for Warner–Lambert. Suffice it to say that the district court made clear on several occasions that its analysis was based upon the record then before it, and that final determination required full development of the facts. *Cf. Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981) (res judicata requires final judgment on the merits of an action); *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966) (denial of summary judgment because of unresolved issues of fact does not decide anything about the merits of the claim). The court's later analysis based on all of the evidence shows that Burlison simply failed to establish a submissible case on any of her claims against Warner–Lambert. While the district court so concluded in determining only that Instruction 11 was harmless error, our affirmance of that conclusion dictates that Warner–Lambert was entitled to judgment as a matter of law. This renders it unnecessary for us to further consider any of the trial errors raised by Burlison.

The judgment of the district court is affirmed.

sions damaging to Warner–Lambert, but this deposition was not read to the jury, nor was

Clark examined on the subject.