**Howard GRIFFIN, Cleta Jean Griffin, Otes Kerley, (Plaintiffs) Respondents,**

**v.**

**Edward ANDERSON, (Defendant) Appellant.**

No. 31279.

St. Louis Court of Appeals.

Missouri.

July 16, 1963.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 4, 1963.

William B. Spaun, Hannibal, and John E. Mills, New London, for appellant.

Albert L. Rendlen, Branham Rendlen,. and Rendlen & Rendlen, Hannibal, for respondents.

SAMUEL E. SEMPLE, Special Commissioner.

This is an action for damages resulting from an invasion of defendant Anderson's cattle on the land of plaintiffs Griffin and eating and trampling a growing crop of corn which had been planted thereon on a sharecrop basis by plaintiff Kerley. The trial resulted in a verdict in favor of the plaintiffs in the sum of $643.00. From the judgment for plaintiffs rendered on the verdict, the defendant has perfected an appeal to this court.

Plaintiffs, Howard and Cleta Jean Griffin, owned a 160 acre farm in Pike County, Missouri, which adjoined land owned by defendant Edward Anderson. Some years prior to 1958, plaintiffs Griffin and defendant Anderson, by mutual agreement, erected a division fence consisting of four strands of barbed wire on white oak posts along the east side of plaintiffs' farm which adjoined defendant's land. Plaintiff Howard Griffin testified that he and the defendant orally agreed that plaintiff Griffin was to maintain the south half and that defendant was to maintain the north half of this division fence. Defendant in his testimony in substance stated that the fence was built by agreement but positively denied that any agreement as to maintaining the fence after it was built was ever made or discussed.

In 1958 a crew of men employed by the Walker distillery were engaged in cutting timber for stave bolts on defendant's land. This timber crew crossed plaintiffs Griffin's land to get to some of the timber on defendant's property which was done without the permission or knowledge of the plaintiffs. The timber crew tore down a portion of the north half of the division fence between plaintiffs' (Griffin) and defendant's land to gain access to defendant's land. Plaintiff Howard Griffin testified that he discovered the break in the fence in the fall of 1958 and notified defendant of the situation. Defendant testified that plaintiffs said nothing about the break in the fence until June of 1959, but did state that a member of the timber cutting crew told him they had cut the fence. In the spring of 1959 plaintiff Kerley rented from the Griffins two fields separated by a spring branch and consisting of approximately twenty acres and planted corn thereon on a 50–50 sharecrop basis. Kerley cultivated the corn on June 15th for the second time and on or about June 21st or 22nd went back to cultivate the crop for the last time and found about twenty head of cattle in the two fields which he identified as defendant's stock. There was testimony by plaintiff Kerley that he drove the cattle back on to defendant's land through the gap in the fence made by the timber crew. He also testified that he inspected the entire fence and found it to be in good condition except for the break caused by the stave bolt cutters and that the tracks showed that the cattle entered on the Griffin land through the gap. The evidence revealed that the corn in the two fields was eaten and trampled down and was practically a total loss.

On the day of the trial plaintiffs filed an amended petition in two counts. The first count alleged a cause of action for damages for failure to restrain livestock under provisions of Chapter 270 R.S.Mo.1949, V.A.M.S. The second count of petition alleged that defendant entered into an agreement with plaintiffs Griffin whereby plaintiffs were to repair and maintain the south half of division fence on east side of plaintiffs Griffin's property and defendant was to repair and maintain the north half of the fence. This count then alleged that the casualty was the direct and proximate result of (1) defendant's failure to keep up and maintain the north half of the division fence in accordance with his agreement with plaintiffs Griffin and (2) the violation of the provisions of Chapter 270 R.S.Mo.1949, V.A.M.S., of defendant's permitting his cattle to run at large beyond the enclosures of his farm. Plaintiffs abandoned the cause of action alleged in Count One of the amended petition and tried the case on Count Two on the theory that defendant had failed to keep up and maintain the north half of the division fence in accordance with the agreement made with plaintiffs Griffin. Plaintiffs offered no evidence as to violation of provisions of Chapter 270 R.S.Mo.1949, V.A.M.S., and no instructions were offered or given on that theory of recovery.

Defendant contends that Count Two of the amended petition does not state a cause of action because it was improperly brought under Chapter 270 R.S.Mo.1949, V.A.M.S., for the reason that said chapter does not apply to adjoining owners whose fields are under a common enclosure. Aside from the question as to whether Chapter 270 R.S. of Mo., V.A.M.S. applies in this case, the contention cannot be sustained.

▇▇▇ Adjoining landowners may provide for a division or partition fence between them by an agreement, and in such case the rights of the parties are to be controlled by the terms of the contract. A fence built under such an agreement serves to enclose both farms and each owner is entitled to treat the entire fence as a part of his enclosure and to look to his neighbor for the maintenance of that portion of the fence which the agreement required him to keep in reasonable repair. Matthews v. McVay, Mo.App., 234 S.W.2d 983, 987. The failure of either of the adjoining landowners to perform his contractual duty would give to the other an action for dam-

ages sustained by the latter in consequence of the breach of contract by the former. McLean v. Berkabile, 123 Mo.App. 647, 653, 100 S.W. 1109. It is concluded that plaintiffs Griffin as owners and plaintiff Kerley as their tenant had the right to maintain an action for defendant's failure to perform an alleged agreement to maintain a certain portion of the division fence in question and that Count Two of the amended petition states such a case of action.

■■ In the instant case, even though plaintiffs alleged in Count Two of the amended petition that there was a violation of the provisions of the statutes in failing to keep up and restrain his livestock, they did not offer any evidence or instruction based upon this theory of recovery, and thus it was abandoned and was no longer a part of plaintiffs' case. It is well settled that where several theories of recovery are pleaded but the case is only submitted to the jury on one theory, all others are deemed to be abandoned, Edmisten v. Dousette, Mo. App., 334 S.W.2d 746, 751; and an appellate court can only review a case upon the same theory upon which it was submitted in the trial court. Welch v. McNeely, Mo., 269 S.W.2d 871, 875.

■ The defendant also complains that the court erred in giving Instruction No. 1 because the court did not follow Count Two of the amended petition under which it was predicated. Defendant does not specify in his brief in what respects Instruction No. 1 did not follow the pleadings to support his contention as required by Supreme Court Rule 83.05, V.A.M.R. However, the instruction properly submitted the issues of fact on the theory of recovery based on a violation of defendant's contractual duty to keep up and maintain a portion of the division fence and is entirely consistent with this cause of action set out in Count Two of the amended petition. As previously stated herein, plaintiffs abandoned the theory of recovery based on violation of statutory duties provided in Chapter 270 R.S.Mo.1949, and an instruction given on

that theory would have been unnecessary and improper.

■ Defendant's next contention of error was that plaintiffs did not make a submissible case because they did not establish an agreement between the parties as to maintenance of the division fence. This argument is clearly without merit. In passing on the point only the evidence most favorable to plaintiffs and inferences to be drawn therefrom may be considered, and the evidence of the defendant will be disregarded unless it aids plaintiff's case against the defendant. Hartz v. Heimos, Mo., 352 S.W.2d 596, 598; 3 Mo.Digest, Appeal & Error, ☞930(1). Plaintiff Howard Griffin testified that he and defendant Anderson agreed that plaintiff Griffin would maintain the south half of the division fence on the east side of this farm and that defendant would maintain the north half of the fence. The defendant Anderson, in his testimony, stated that the fence was built by agreement but denied that any agreement was made concerning the maintenance and repair of the fence. Although there is a conflict in the evidence it is clear that plaintiff's own testimony was sufficient to make a submissible case for the jury. There was evidence that defendant did agree to maintain and repair the north half of the division fence; that he failed to repair a break in the north half of the fence after having notice of the existence of such break; and that as a result defendant's cattle went through the gap in the fence and damaged plaintiffs' corn crop.

Defendant's last contention is that the court erred in not granting him a new trial on the ground of evidence discovered after the trial. Defendant attached an affidavit of one Andrew Gillett to his motion for new trial and argues that the testimony of Gillett would have been essential had it been known in advance of the trial date that plaintiffs were amending their petition to cover a contractual arrangement concerning the division fence. The affidavit of Gillett was in substance that in 1955 he and

Edward Anderson helped build the south portion of the east fence dividing the Anderson and Griffin farms; that Griffin paid him one half the cost of putting in the south half of the fence, and Anderson paid him the other half of the cost; that Griffin did not work on the fence and that he was hired by Anderson to do the work. It should be noted that the affidavit shows on its face that defendant knew about Gillett's knowledge of how the fence was built and by whom; that defendant, after the court allowed the amended pleading to be filed, answered ready for trial; that no subpoena was issued for the witness, and defendant did not ask for a continuance to obtain the witness at the time of the trial.

 The granting of a new trial on newly discovered evidence rests largely in the discretion of the trial court. Ward v. Goodwin, Mo., 345 S.W.2d 215, 219. The record does not show that the trial court here abused its sound discretion. The evidence as disclosed in the affidavit, if it had been introduced at the trial, would have been cumulative, as it merely substantiates the testimony of both plaintiff Howard Griffin and defendant Anderson, that they agreed to build the division fence and share the cost of same. There is nothing to indicate that this evidence would have produced a different verdict and certainly that was the opinion of the trial court as he denied the motion for new trial.

Finding no error the judgment should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by SEMPLE, Special Commissioner, is adopted as the opinion of the court.

The judgment of the trial court is accordingly affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.