**Gary W. STEELE and Nancy Steele, Plaintiffs,**

v.

**BELMONT TRAILER SALES, INC., Defendant.**

**No. 77–979C(3).**

United States District Court, E. D. Missouri, E. D.

Nov. 29, 1977.

Motion to Reconsider Denied Jan. 24, 1978.

James M. Martin and Mark R. Bahn, Rau & Martin, St. Louis, Mo., for plaintiffs.

Edward P. Burke, Wion, Burke & Boll, Clayton, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendant's motion for summary judgment. Defendant contends that the applicable statute of limitations bars suit herein.

Plaintiffs filed this suit, basing jurisdiction upon diversity of citizenship, seeking damages for an alleged breach of warranty. Plaintiffs allege that in July, 1973, they began negotiations with defendant to purchase a mobile home. Plaintiffs allege that defendant made express warranties and representations to plaintiffs with reference to the mobile home. Relying upon the express warranties and representations, plaintiffs purchased on August 3, 1973 a 1973 Commodore Modular Home. Plaintiffs allege that defendant breached the express warranties in that the mobile home contained numerous defects. Plaintiffs discovered the breach and brought this matter to defendant's attention in October, 1973. Defendant allegedly failed and refused to correct the defects or to refund the purchase price. Accordingly, plaintiffs demand judgment in the amount of the purchase price.

Section 400.2–725, R.S.Mo. (1969) provides in part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Plaintiffs purchased the mobile home on August 3, 1973. This suit was not instituted until September 12, 1977. Accordingly, plaintiffs' suit is barred by the statute of limitations. § 400.2–725, R.S.Mo. (1969); 2 Anderson, Uniform Commercial Code §§ 2–725:23 and 2–725:24 (1971).

Defendant's motion will be granted.