**Albert S. FORREST,
Plaintiff-Respondent,**

v.

**CHRYSLER CORPORATION and
Southtown Dodge, Inc.,
Defendants-Appellants.**

No. 42688.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 16, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Application to Transfer Denied
May 17, 1982.

consider the propriety of that portion of the judgment. See *Smith v. Welch*, 611 S.W.2d 398, 399 (Mo.App.1981).

Roger S. Murphy, Belleville, Ill., for defendants-appellants.

Ray A. Gerritzen, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants, Chrysler Corporation and Southtown Dodge, appeal from judgments against them of $10,000 and $6,000 respectively based upon a jury verdict.

Count I of plaintiff's first amended petition against both defendants was based upon allegations that a truck manufactured by Chrysler and sold to plaintiff by Southtown was defective when manufactured "and not fit for the purpose of its use and had defects in workmanship and material at the time of its manufacture and sale." Plaintiff alleged that because the vehicle was "defective and unfit for the purpose of its use and extremely dangerous" because of vibrations, plaintiff lost the reasonable market value of the truck, plus certain additional costs for additions to the truck, loss of use of the vehicle and loss of "potential income from any possible rental or use of the truck." There were no allegations of personal injury or property damage arising from any violent occurrence. The verdict-directing instruction on Count I posited relief solely against Chrysler. Plaintiff thereby abandoned any claim against Southtown on Count I. *Time Plans, Inc. v. Wornall Bank*, 419 S.W.2d 491 (Mo.App.1971) [2]; *Griffin v. Anderson*, 369 S.W.2d 889 (Mo. App.1963) [6, 7].

Count II was against Southtown and its service manager for negligent failure to repair the vibration in the vehicle resulting in "harassment," mental strain, and expenditure of time and effort by plaintiff. The trial court directed a verdict in favor of the service manager, from which direction no appeal has been taken. The jury returned a verdict on Count I against Chrysler for $10,000, and on Count II against Southtown for $6,000. Both remaining defendants have appealed.

Chrysler premises error upon the trial court's failure to grant its motion for directed verdict and seeks a new trial on several grounds. One of those grounds is that the trial court erred in utilizing a verdict director based upon strict liability in tort as enunciated in the Restatement Second of Torts, § 402A, adopted in Missouri in *Keener v. Dayton Electric Manufacturing Company*, 445 S.W.2d 363 (Mo.1969). The contention that Chrysler's motion for directed verdict was improperly denied is premised on the alternate contention that if

strict liability was properly submitted the evidence did not establish the defective condition of the vehicle when it left Chrysler's possession. It is sufficient to say that the evidence clearly establishes that fact. We agree, however, that the verdict-directing instruction was erroneous because it submitted a theory at variance with plaintiff's pleaded theory.

The plaintiff's verdict-directing instruction on Count I was MAI–25.04—Verdict Directing-Strict Liability-Product Defect. In adopting Restatement 402A the Supreme Court in *Keener*, stated:

"Whether the words 'strict liability' or 'implied warranty' or both combined are used, the difference in Missouri would not be one of substance since our courts are clearly recognizing the tort nature of the liability imposed." l.c. 364.

Plaintiff relies upon this language to conclude that the verdict-directing instruction was proper and that his petition alleged a cause of action in strict liability. In *Crowder v. Vandendeale*, 564 S.W.2d 879 (Mo banc 1978) (a residential home case) the Supreme Court pointed out that *Keener* dealt with personal injury or property damage either to property other than the property sold or to the property sold where it was rendered useless by some violent occurrence. In those situations strict liability is appropriate and the liability arises from tort, no matter how labeled. The Court, however, held that the liability imposed for "mere deterioration or loss of bargain resulting from latent structural defects is contractual." The *Crowder* rationale was applied to a defective automobile in *Gibson v. Reliable Chevrolet, Inc.*, 608 S.W.2d 471 (Mo.App.1980). There the court concluded that the damage to the purchased product had not resulted from a "violent occurrence" and plaintiff's cause of action arose from contract not tort.

There is a split of authority in other jurisdictions on this question. Probably the majority follow the decision in *Seely v. White Motor Co.*, 63 Cal.2d 9, 45 Cal.Rptr. 17, 403 P.2d 145 (1965) rejecting strict liability in tort for recovery of solely economic loss arising from a defective product. Those jurisdictions emphasize that recognition of strict liability in those situations would effectively annul the law of sales and statutory enactments such as the Uniform Commercial Code governing economic relationships between suppliers and consumers of goods. As stated in *Seely, supra*, [15, 16]:

"A consumer should not be charged at the will of the manufacturer with bearing the risk of physical injury when he buys a product on the market. He can, however, be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will."

There is respectable authority to the contrary. *See Santor v. A. and M. Karagheusian, Inc.*, 44 N.J. 52, 207 A.2d 305 (1965); *Cova v. Harley Davidson Motor Co.*, 26 Mich.App. 602, 182 N.W.2d 800 (1970). Those decisions, although recognizing that allowance of recovery under strict liability for economic loss has the effect of nullifying statutory provisions in the sales area, find no valid difference in the rights of purchasers because the damage is economic rather than physical. For a more thorough discussion of this problem see The Vexing Problem of the Purely Economic Loss in Products Liability: An Injury in Search of a Remedy. 4 Seton Hall Law Review 145 (1972).

*Crowder* and *Gibson* place Missouri into the *Seely* group of courts which reject strict liability for defective products where the loss sustained is economic only. In that posture plaintiff is restricted to the remedies afforded under the Uniform Commercial Code and the general law of sales. Essentially those are for breach of warranty, express or implied. If plaintiff's first amended petition purported to be based upon strict liability, it did not state a cause of action. However, while plaintiff's first amended petition is not a model of clarity it does state a cause of action in warranty. It alleges economic loss, direct, consequential and incidental; it alleges no physical injury or violent occurrence as defined in *Gibson*,

*supra*; it refers to "unfitness" and defects in workmanship and materials—typical warranty language; it alleges manufacture and sale by Chrysler and that the truck failed to meet acceptable standards. Defendant admitted at trial that the vehicle was defective. While we have not been favored with the exhibits, including the sales documents, it is apparent from the testimony that the parties treated the case as one for breach of an express warranty as well as implied warranties. Plaintiff had evidence of breach of warranty by Chrysler but submitted the case to the jury on an instruction based upon strict liability, a variance from his pleaded theory. Use of such an instruction is fatally erroneous. *Huter v. Birk*, 439 S.W.2d 741 (Mo.1969) [8]; *White v. Thompson*, 176 S.W.2d 53 (Mo.App. 1943) [7–10].

Plaintiff contends that the instruction given was the proper instruction because no other MAI instruction was available for use and that strict liability and breach of implied warranty are essentially the same. The absence of an MAI at the time of trial covering plaintiff's cause of action does not authorize the use of an MAI instruction submitting a different theory. Where no MAI instruction is applicable an instruction is to be prepared utilizing the guidelines set forth in Rule 70.02(e).[1] Nor can we conclude that strict liability and breach of warranty are the same theory. *Crowder v. Vandendeale, supra; Gibson v. Reliable Chevrolet, Inc., supra.* The Uniform Commercial Code provides a number of defenses to the manufacturer or seller in a warranty case not available in strict liability. *See Groppel Co., Inc. v. U. S. Gypsum Co.*, 616 S.W.2d 49 (Mo.App.1981) [4, 5]. In addition the damages recoverable may well be different. *See*, for example, Sec. 400.2–719(3). The verdict director was erroneous and requires reversal and remand as to Chrysler.

Southtown contends that plaintiff failed to make a submissible case against it on Count II because there was no evidence that it was negligent in failing to repair the truck. We agree. The efforts of Southtown to correct the defect were testified to at length. The cause of the truck's defect was never determined, although virtually everything on it except the engine was replaced. There was no evidence that the procedures utilized by Southtown were improper or incomplete or that the repair work was negligently performed. Plaintiff points to two bits of evidence to support his claim of negligent failure to repair. The first was the testimony of defendant's mechanic that "anything can be fixed" and that if enough time and effort were expended on this truck "it could have been fixed." This optimistic forecast does not establish negligence. Southtown's duty was to use ordinary care and skill in attempting to correct the defect in plaintiff's truck. The mechanic's answer does not establish that that level of care and skill was not used. The second bit of evidence is that Southtown did not request the services of experts at Chrysler at the earliest opportunity. But the record is clear that those experts, when contacted, were also unable to locate the cause of the difficulty or correct it. The cause of the truck's defective condition was still unknown at trial time. There is no evidence that earlier contact with Chrysler experts would have resulted in repair or even that the condition is reparable. Plaintiffs did not make a submissible case against Southtown for negligent failure to repair the vehicle. *Phillips v. Carroll*, 413 S.W.2d 583 (Mo.App.1967).

Judgment against Southtown Dodge, Inc. reversed. Judgment against Chrysler Corporation reversed and remanded for new trial.

Gerald M. Smith
Gerald M. Smith, Presiding Judge

SATZ and PUDLOWSKI, JJ., concur.

---

1. Since trial of this case MAI instructions 25.07 (Breach of Express Warranty) and 25.08 (Breach of Implied Warranty) have been published.