## GENE CANTRELL DRILLING CO., Plaintiff,

v.

## INGERSOLL–RAND COMPANY, Defendant.

### No. 82 C 4728.

United States District Court, N.D. Illinois, E.D.

Oct. 3, 1983.

Thomas A. Kiepura, Haskell & Perrin, Chicago, Ill., for plaintiff.

Michael J. Hennig, French, Rogers, Kezelis & Kominarek, P.C., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Gene Cantrell Drilling Co. ("Cantrell") sued Ingersoll-Rand Company ("Ingersoll-Rand") in this diversity action on a products liability claim resulting from (1) the destruction of an Ingersoll-Rand-manufactured drilling rig and (2) several resultant damage items. Count I asserts a strict liability theory, while Count II charges negligence. Ingersoll-Rand now moves for judgment on the pleadings.[1]

Cantrell's claims were originally asserted in Case No. 79 C 4354 in this District Court. Before Cantrell voluntarily dismissed that action without prejudice, Honorable Julius J. Hoffman decided Missouri rather than Illinois law applied and that holding will be carried forward to the present motion.[2]

---

1. Ingersoll-Rand originally moved for summary judgment. Because neither party has tendered factual materials to supplement the unverified Complaint, this Court determined summary judgment was really inappropriate. By agreement of the parties the motion is being treated as one for judgment on the pleadings pursuant to Fed.R.Civ.P. ("Rule") 12(c).

2. Although under the law of the case doctrine this Court is not bound by Judge Hoffman's prior determination, the parties have presented no reasons for upsetting that prior determination. *Schaefer v. First National Bank of Lincolnwood,* 509 F.2d 1287, 1294 (7th Cir.1975),

■ By its motion Ingersoll-Rand contends Missouri law does not permit Cantrell to recover solely economic loss damages. Because Ingersoll-Rand has not demonstrated that to be true as a matter of law, its motion is denied. *Flora v. Home Federal Savings and Loan Ass'n,* 685 F.2d 209, 211 (7th Cir.1982).

### Facts [3]

Well before August 2, 1977 [4] Cantrell purchased a self-propelled drilling rig as new equipment from Ingersoll-Rand or one of its authorized dealers. On August 2, 1977, while Cantrell was drilling a well at a home construction site in Carthage, Missouri, the hydraulic lines on the unit ruptured. Oil sprayed on the drilling rig's engine exhaust manifold, causing a fire and explosion.

Ingersoll-Rand had been guilty of (1) defective design of the unit and (2) failure to warn of the explosion danger. Its failures caused not only destruction of the drilling rig but also damage to other property [5] and loss of business profits by Cantrell.

### Count I: Strict Liability

■ *Crowder v. Vandendeale,* 564 S.W.2d 879, 881 (Mo.1978) has established strict liability in tort could be imposed under Missouri law if the flaw in the property produced:

> personal injury, including death, or property damage either to property other than the property sold or to the property sold where it was rendered useless by some violent occurrence.[6]

As n. 5 reflects, Cantrell's Complaint does not allege any "personal injury . . . or property damage . . . to property other than the property sold." [7] Cantrell does however argue the drilling rig was damaged by a "violent occurrence," so that strict liability recovery should be allowed in any event.

Whether the explosion was the requisite "violent occurrence" is a mixed question of fact and law on which Ingersoll-Rand has not sustained its burden. Its cited cases are not definitive on what is meant by "violent occurrence." [8] *Gibson v. Reliable Chevrolet, Inc.,* 608 S.W.2d 471, 474 (Mo.App.1980) (a violent occurrence is generally a calamitous event threatening bodily harm or damage to other property, not mere deterioration or internal breakage due to a product defect); *Clevenger & Wright Co. v. A.O. Smith Harvestore Products, Inc.,* 625 S.W.2d 906, 909 (Mo.Ct.App.1981) (a tornado ruining a silo was not a violent occurrence, for such occurrence must be caused by an internal defect or unreasonably dangerous product).

---

cert. denied, 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976); *Nichols v. Laymon,* 506 F.Supp. 267, 272 (N.D.Ill.1980). Indeed each has discussed only Missouri law.

**3.** In considering a motion for judgment on the pleadings, this Court takes the uncontested Complaint allegations as true (see n. 1). *Flora,* 685 F.2d at 211. Of course the statements in this section of this opinion do not reflect factual findings by this Court.

**4.** All Complaint ¶¶ 4 and 5 assert is a purchase "prior to" that date. Ingersoll-Rand's R.Mem. 3 refers to some five years of Cantrell ownership before the occurrence.

**5.** Cantrell Mem. 2 says (though its Complaint does not) other property was damaged when the fire spread to an adjacent home on the construction site. That disparity in presentation between the pleading and the memorandum is all of a piece with the parties' casual approach to procedural rules, as though they were mere niceties to be honored only if convenience suits a litigant. As the text discussion will reveal, damage to property other than the drilling rig is likely a critical fact.

**6.** In that respect *Crowder* further defined the Restatement (Second) of Torts § 402A standard, adopted for Missouri in *Keener v. Dayton Electric Mfg. Co.,* 445 S.W.2d 362, 364 (Mo. 1969).

**7.** Lack of that allegation could be cured by amendment, assuming Cantrell Mem. 2 accurately reflects the damages consequent on the drilling rig fire and explosion. If so the Complaint would plainly conform to the *Crowder* test.

**8.** Nor do the cases resolve the further issue of exactly what damages are allowable once the requisite property damage is proved. *See Forrest v. Chrysler Corp.,* 632 S.W.2d 29 (Mo.App. 1982) (leaving open the possibility that if the requisite injury were alleged, further provable economic loss damages may perhaps be recoverable).

At this stage of the litigation Ingersoll-Rand has not necessarily negated the drilling rig explosion as a "violent occurrence" as a matter of Missouri law. In substantial part the case law would support coverage of the events here to impose liability on Ingersoll-Rand. Final resolution of that question must await the kind of added input a preliminary pleading motion does not afford.

### Count II: Negligence

It appears Missouri courts have not decided the appropriate standard for allowing products liability recovery on a negligence theory.[9] In *R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 828–29 (8th Cir.1983), the Court of Appeals decided Missouri would apply the *Crowder* test in negligence actions as well as strict liability actions. Based on that analysis[10] and this Court's review of Missouri case law, this Court also concludes Missouri would not allow a negligence recovery unless the *Crowder* test were met. Missouri courts appear reluctant to expand traditional contract warranty recovery to allow a tort recovery in negligence: *see Crowder,* 564 S.W.2d at 881–82 (recovery for deterioration or loss of bargain resulting from latent structural defects in a house is limited to warranty recovery); *Gibson,* 608 S.W.2d at 475 (plaintiff's recovery for overheated car due to defective temperature gauge is limited to warranty theory); *Clevenger & Wright,* 625 S.W.2d at 909 (plaintiff's recovery for tornado-damaged silo is also limited to warranty).[11]

Application of the *Crowder* test to Count II poses the same mixed question of fact and law discussed in the prior section: Was the drilling rig explosion a "violent occurrence"? Here too that question cannot be resolved in Ingersoll-Rand's favor at this threshold pleading stage.

**9.** Of course this Court's *Erie* mandate is "to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule...." *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940).

**10.** Absent any clear state law precedent on point, diversity action decisions by the federal

### Conclusion

Ingersoll-Rand has not met the burden of showing its entitlement to judgment as a matter of law. Accordingly its current motion is denied.

courts most accustomed to dealing with that state's law are particularly persuasive.

**11.** One limited exception has been noted where privity concerns pose a problem for such warranty recovery. *Groppel Co. v. United States Gypsum Co.,* 616 S.W.2d 49, 58–61 (Mo.Ct. App.1981). No privity problem exists in this case.