WILBUR WAGGONER EQUIPMENT
AND EXCAVATING COMPANY,
Appellant,

v.

CLARK EQUIPMENT COMPANY, and
Machinery, Inc., Respondents.

No. 47027.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1984.

Edward C. Cody, St. Louis, for appellant.

Michael B. McKinnis, St. Louis, for respondent Clark.

James E. Whaley, St. Louis, for respondent Machinery.

REINHARD, Judge.

Plaintiff appeals from the trial court's order granting defendants' motion for judgment on the pleadings.

Plaintiff filed its initial petition in November, 1981. In its second amended petition, plaintiff alleged that on or about March 8, 1974, it purchased from defendant, Machinery, Inc., a crane manufactured by defendant, Clark Equipment Co. It further alleged that on or about April 16, 1974, after delivery of said equipment, certain design deficiencies and manufacturing defects were discovered; that at various times from and after April 15, 1974, May 27, 1974, July 23, 1974, August 23, 1974, November, 1974, January, 1975 and April, 1976, various other component parts of the crane failed because of negligent and defective design, faulty and defective parts

and equipment of defendants. Plaintiff alleged that this constituted a breach of express and implied warranties. Plaintiff requested damages for the cost of repair and replacement of said equipment, machinery and its component parts from April, 1974 to date. The trial court granted defendants' motion for judgment on the pleadings on the ground that plaintiff's claim was barred by the statute of limitations.

In our review of a trial court's order granting a motion for judgment on the pleadings we are admonished to follow the standard set out in *McIntosh v. Foulke*, 360 Mo. 481, 228 S.W.2d 757, 761 (1950):

> [S]uch a motion is sustainable only where "under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced ... [I]t cannot be sustained unless, under the admitted facts the moving party is entitled to judgment, without regard to what the findings might be on the facts ...." (citations omitted) ... But if the answer pleads a good defense which is determinative of the issues sought to be raised in the petition ... then judgment upon the pleadings is proper.

■ Plaintiff alleges the trial court erred in finding its claim barred by the statute of limitations. Under Missouri law remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the Uniform Commercial Code. *Forrest v. Chrysler Corp.*, 632 S.W.2d 29, 31 (Mo.App.1982); *Clevenger & Wright v. A.O. Smith Harvestore Products, Inc.*, 625 S.W.2d 906, 908 (Mo.App.1981). Under the Uniform Commercial Code, § 400.2–725, RSMo.1978, an action for breach of warranty must be commenced within four years after the cause of action accrues. *Clevenger & Wright v. A.O. Smith Harvestore Products, Inc.*, 625 S.W.2d 906, 908 (Mo. App.1981). This section further provides:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the

breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

■ It is well settled that if the petition shows on its face that it is barred by the statute of limitations and if the action is such that the bar may be obviated by some exception in the statute the facts stated in the petition should show such exception. "In other words, the exception relieving plaintiff from the bar of the statute should be pleaded by him." *Bennett v. Metropolitan Publishing Co.*, 148 S.W.2d 109, 110 (Mo.App.1941); *Ludwig v. Scott*, 65 S.W.2d 1034, 1035 (Mo.1933). According to plaintiff's petition, tender of delivery was in March, 1974. Suit was not filed until over 7½ years later. Under the plain and unambiguous language of 400.2–725 this action was not commenced in time unless plaintiff has pleaded facts bringing it within the future performance of goods exception. *Clevenger & Wright v. A.O. Smith Harvestore Products, Inc.*, 625 S.W.2d 906, 908–09 (Mo.App.1981).

The application of this exception was illustrated in *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818 (8th Cir. 1983) (applying Missouri law). There, plaintiff alleged that defendant expressly warranted spandrel and vision panels which were installed in a building between 1974 and 1976 to be free from defects in material or workmanship for a period of ten years. The Court concluded that suit filed in 1981, over 5 years after tender of delivery, was not barred because the cause of action did not accrue until the plaintiff discovered or should have discovered the glass panels were defective.

■ In the case under review, plaintiff has failed to plead facts bringing it within the future performance exception. Plaintiff attempts to avoid this issue by couching its petition in terms of negligence and strict liability in tort. It then argues there

were continuing acts of negligence from April, 1974 to November, 1981, which are not barred by the statute of limitations. It is the law in Missouri, however, that recovery in tort for purely economic damage is limited to those cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence. *Crowder v. Vandendeale,* 564 S.W.2d 879, 881 (Mo. banc 1978); *Forrest v. Chrysler Corp.,* 632 S.W.2d 29 (Mo.App.1982); *Clevenger & Wright v. A.O. Smith Harvestore Products, Inc.,* 625 S.W.2d 906 (Mo. App.1981); *Gibson v. Reliable Chevrolet, Inc.,* 608 S.W.2d 471 (Mo.App.1980). Plaintiff has not pleaded any of the requisite injuries or damages necessary to support a case in tort.

Plaintiff's claim is barred by the statute of limitations. The trial court committed no error in granting defendants' motion for judgment on the pleadings.[1]

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.

---

1. Plaintiff's allegation that the trial court's ruling was premature because it failed to rule on plaintiff's motion to strike defendant Clark's answer to its second amended petition is without merit.