**Donald G. WIENBERG and Betty Wienberg, Appellants,**

v.

**INDEPENDENCE LINCOLN–MERCURY, INC. and Ford Motor Company, Respondents.**

No. WD 52710.

Missouri Court of Appeals, Western District.

April 22, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 1997.

Application to Transfer Denied Aug. 19, 1997.

Daniel R. Carter, Fitzgerald, Fitzgerald & Carter, Warrensburg, for appellants.

David C. Stout, Chionuma and Associates, P.C., Kansas City, for respondents.

Before ULRICH, C.J., P.J., HANNA and BRECKENRIDGE, JJ.

ULRICH, Chief Judge, Presiding Judge.

Donald and Betty Wienberg appeal the summary judgment entered in favor of Independence Lincoln–Mercury, Inc. and Ford Motor Company in their breach of warranty claim. Summary judgment was entered against the Wienbergs based on the running of the four-year statute of limitations of section 400.2–725.[1] The Wienbergs claim that the trial court erred in granting the summary judgment based on section 400.2–725 because their claim of breach of warranty was a common law breach of contract claim subject to the statute of limitations provided in section 516.100. They contend that even if section 400.2–725 did apply to their claim, the limited warranty was a warranty of future performance not a warranty to repair and, thus, the statute of limitations did not begin to run until the defect was or should have been discovered.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

On April 15, 1992, the Wienbergs purchased a 1991 Lincoln Town Car from Independence Lincoln–Mercury, an authorized dealer of Ford Motor Company. The automobile had originally been placed into service on February 20, 1991, when it was leased to Robert Stevens Investments. The automobile was covered by a bumper to bumper limited warranty for four years or 50,000 miles, whichever occurred first. When the Wienbergs purchased the automobile at the end of the lease to Robert Stevens Invest-

ments, Independence Lincoln–Mercury informed them that the automobile registered 16,613 miles on its odometer and an estimated 34 months or 34,000 miles of limited warranty remained, whichever occurred first.

The limited warranty provided in relevant part:

**What does the Ford Limited Warranty offer you?**

Under this **Limited Warranty** on your 1991 Lincoln car, Ford warrants that its authorized dealers will repair, replace, or adjust all parts (except tires) that are found to be defective in factory-supplied materials and workmanship. The defects must occur under normal use of the car during the warranty coverage period. Ford recommends that you take your car to your selling dealer who wants to ensure your continued satisfaction with the vehicle you purchased. You may, however, take your vehicle to any dealer authorized to service Lincoln vehicles. A reasonable time, of course, must be allowed for the dealership to perform necessary repairs.

\* \* \*

**When does the warranty coverage begin?**

The **New Car Limited Warranty** begins on the day when

* the car is first delivered or

* the car is first put into use (for example, as a demonstrator by your dealer or by Ford as a company car)

Whichever day comes first is the start date for your warranty.

\* \* \*

**How long does the bumper to bumper coverage last?**

Bumper to Bumper coverage begins at the warranty start date and lasts four years or 50,000 miles, whichever occurs first.

Ten repairs were made to resolve mechanical problems on the automobile from the time it was delivered to the Wienbergs through

---

1. All statutory references are to RSMo 1994 un-   less otherwise indicated.

December 5, 1994.[2] A whine emanating from the vehicle's transmission was noticed on November 14, 1994. Ford Motor Company had known of a defect in the transmission that caused the whine. The automobile manufacturer had disseminated a service bulletin to dealers that addressed the problem. The transmission in the Wienberg's Lincoln was rebuilt by an authorized dealer on December 5, 1994.

Aware that the limited warranty would expire in two months, Mr. Wienberg wrote the Ford Motor Company on December 14, 1994, expressing his concerns about past problems with the automobile and about the defect in the transmission. Mr. Wienberg took the automobile to an authorized dealer in Warrensburg again complaining of a whine in the transmission on January 3, 1995, and February 13, 1995. The service manager at the Warrensburg dealership acknowledged that the whine persisted despite the December 5, 1994 repair and contacted the Ford factory. The automobile remained at the Warrensburg dealership until February 24, 1995, when it was returned to the Wienbergs unrepaired. The limited warranty expired while the vehicle was at the Warrensburg dealership.

The whining noise emanating from the transmission persisted, and Mr. Wienberg returned the Lincoln to the Warrensburg dealership on May 1, 1995. He requested that the problem be remedied although the warranty had expired. The service department's attempt to correct the defect was unsuccessful. Ford factory representatives advised the service manager that if all procedures to remedy the problem had been followed, nothing more could be done.

Following Ford Motor Company's instructions, the Wienbergs notified the Dispute Settlement Board on May 2, 1995. On June 6, 1995, the Board advised them that because

the warranty period had expired, the Board was without jurisdiction to address the complaint and suggested that they contact Independence Lincoln–Mercury.

The Wienbergs sued Independence Lincoln–Mercury and Ford Motor Company on October 23, 1995, claiming breach of the limited warranty.[3] They alleged that the companies failed to repair, replace, or adjust and remedy defects in the automobile that had occurred during the period of coverage. The companies filed a motion for summary judgment alleging that the Wienbergs' breach of warranty claim was barred by the four-year statute of limitations contained in section 400.2–725(2). The trial court granted summary judgment on the basis that the applicable statute of limitations, section 400.2–725(2), had expired when suit was filed on October 23, 1995, more than four years after February 20, 1991, the date the vehicle was put into service. This appeal followed.

### Standard of Review

■■■ Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

■■■ Summary judgment is affirmed on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts asserted in affidavits or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a

2. The date and description of repairs are as follows:
    5/18/92 replaced hood latch, horns, and rear air bag mounting clip;
      6/9/92 replaced window regulator;
      1/4/92 replaced trunk motor part;
      3/14/94 replaced air-conditioning compressor and recall service;
      7/6/94 replaced spark plug wiring;
      9/6/94 replaced heater core due to leakage;

      11/28/94 resurfaced brake rotors;
      12/5/94 replaced window regulator and rebuilt transmission.

3. The Wienbergs did not allege breach of implied warranty, Missouri Lemon Law violations, or breach of Missouri General Merchandising Law. Whether these legal principles apply, therefore, is not addressed.

right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

■ Once the movant has established a right to judgment as a matter of law, the non-movant must show that one or more of the material facts shown by the movant not to be in dispute is genuinely disputed. *Id.* The non-moving party may not rest upon the mere allegations and denials of the pleadings but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.; Reeves v. Keesler,* 921 S.W.2d 16, 19 (Mo.App.1996).

### Statute of Limitations on Limited Warranty Claim

The Wienbergs claim that Independence Lincoln–Mercury and Ford Motor Company did not establish a right to judgment as a matter of law because the four-year statute of limitations contained in section 400.2–725 did not apply to their breach of warranty claim. They argue, instead, that their claim was a common law breach of contract claim subject to the five-year statute of limitations provided in section 516.100. Alternatively, they contend that if section 400.2–725 did apply to their claim, the limited warranty was a warranty of future performance not a warranty to repair and, thus, the statute of limitations did not begin to run until the defect was or should have been discovered—November 14, 1994. Their October 23, 1995 claim, therefore, was not barred by the statute of limitations.

■ The Wienbergs' claim for breach of warranty arising out of the purchase of the 1991 Lincoln Town Car is governed by the Uniform Commercial Code (U.C.C.). Under Missouri law, remedies for economic loss sustained due to damage to or defects in goods sold are limited to those under the warranty provisions of the U.C.C. *Wilbur Waggoner Equip. & Excavating Co. v. Clark Equip. Co.,* 668 S.W.2d 601, 602 (Mo.App.1984). The sale of a motor vehicle is a sale of goods and is governed by the U.C.C. *Herbert v. Harl,* 757 S.W.2d 585, 588 (Mo. banc 1988).

An action for breach of contract for the sale of goods "must be commenced within four years after the cause of action has accrued." § 400.2–275(1). Generally, a cause of action for breach of warranty occurs when tender of delivery is made. § 400.2–725(2). An exception to the general rule exists where goods are sold with a warranty for future performance. *Id.* In such case, the cause accrues on and the statute of limitations runs from the date on which the defect was or should have been discovered. § 400.2–725(2).

■ To constitute a warranty for future performance, the terms of the warranty must unambiguously indicate that the manufacturer is warranting the future performance of the goods for a specified period of time. *R.W. Murray Co. v. Shatterproof Glass Corp.,* 697 F.2d 818, 823 (8th Cir.1983)(applying Missouri law). Under Missouri law, a warranty that a product is free from defect in quality or workmanship is a warranty for future performance of the product. *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827 (Mo.App.1984).

■ The Wienbergs' complaint alleged the existence of a warranty of future performance.[4] Independence Lincoln–Mercury and Ford Motor Company expressly warranted to the Wienbergs that defects in the materials or workmanship in the 1991 Lincoln would be repaired or replaced for a specified time—specifically, the remainder of the automobile's original limited warranty, 34 months or 34,000 miles, whichever occurred first. The companies, therefore, would re-

---

4. Where a plaintiff may be relieved from the bar of the statute of limitations by an exception in the statute, facts in the petition should show such exception. *Wilbur Waggoner,* 668 S.W.2d at 602.

The Wienbergs, therefore, must have pleaded facts bringing them within the future performance exception of section 400.2–725(2).

pair or replace any defects in the vehicle until February 1995 or the time when the vehicle registered 50,000 miles, whichever occurred first. By warranting the future performance of the automobile for a specified period of time, Independence Lincoln–Mercury and Ford Motor Company explicitly extended the Wienbergs' limited warranty to a warranty for future performance.

■ The language limiting the remedy to repair or replacement of the defective materials did not automatically render the limited warranty a replacement commitment rather than a warranty for future performance. *See R.W. Murray,* 697 F.2d at 823. The distinction between the existence of an express warranty of future performance and a limitation of remedy is contemplated by section 400.2–719 and recognized by Missouri's courts. *Id.* In *Givan v. Mack Truck, Inc.,* 569 S.W.2d 243, 247 (Mo.App.1978), an express warranty with remedy limited to repair or replacement was given full effect, and all other contractual remedies were available where the limited, exclusive remedy failed in its essential purpose. Thus, where a warranty expressly extends to future performance of the goods, repair or replacement language does not necessarily nullify the future performance warranty. It limits the remedy for breach of the warranty of future performance to repair or replacement.

■ The Wienbergs' complaint, therefore, alleged the existence of a warranty expressly extending to the future performance of the automobile for a period of 34 months or 34,000 miles, whichever occurred first, with limitation of the remedy to repair or replacement of defects. Accordingly, the Wienbergs' breach of warranty action did not accrue when tender of delivery was made[5] but when the transmission defect was or should have been discovered, approximately November 1994. The October 23, 1995 petition, therefore, should not have been dismissed on statute of limitation grounds.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.

---

5. Even had the Wienbergs not received a warranty explicitly extending to future performance of the automobile, their cause of action would not be barred by the statute of limitations because the petition was filed within the four years after the cause of action accrued. Section 400.2–725(2) provides that a breach of warranty action accrues when tender of delivery is made. The automobile's original warranty, which provided coverage for four years or 50,000 miles, started on February 20, 1991, the date the car was put into service. Independence Lincoln–Mercury delivered the 1991 Lincoln Town Car to the Wienbergs on April 15, 1992, along with the remainder of the limited warranty, a 34–month/34,000 miles limited warranty. The trial court mistakenly found that the Wienbergs' action accrued on February 20, 1991, the date the car was originally put into service. The Wienbergs did not receive delivery of the automobile in February 1991 nor did they receive a four-year, 50,000 mile warranty. Their cause of action based on their 34–month/34,000 mile limited warranty accrued on April 15, 1992, the date the Wienbergs received delivery of the car. The four-year statute of limitations, therefore, had not run and would not have barred their suit.