**Charles W. (Stack) OLIVER, Plaintiff,**

**v.**

**Jim BLACKWELL, Defendant and Third–Party Plaintiff,**

**v.**

**David Keith Adams, Third–Party Defendant and Fourth–Party Plaintiff/Respondent,**

**v.**

**Everett Nunley, Fourth–Party Defendant/Appellant.**

No. 22856.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 14, 1999.

Keith D. Sorrell, Spain, Merrell & Miller, L.L.P., Poplar Bluff, for Appellant.

C.H. Parsons, Jr., Mary L.D. Griffith, of Parsons & Wilson, P.C., Dexter, for Respondent.

JAMES K. PREWITT, Judge.

The issue presented by Appellant is whether Respondent's claim is barred by time limitation. Judgment was entered in favor of Respondent and against Appellant, from which Appellant appeals.

In this non-jury trial, review is under Rule 73.01. For interpretation of that rule, see *In re Marriage of Lafferty,* 788 S.W.2d 359, 361 (Mo.App.1990).

The facts are not in dispute, and most of them were presented by a stipulation of the parties. In February of 1998, Charles W. Oliver, of Wingo, Kentucky, discovered that the John Deere 850 tractor he had purchased from Jim Blackwell, of Dexter, Missouri, in December of 1997, had been stolen from Glatt Equipment Company, in Farmington, Missouri, on July 9, 1979. The Kentucky State police confiscated the tractor in 1998.

John Deere Insurance had paid a claim on the theft of the tractor, thereby acquiring subrogation rights to the tractor. Upon discovering the same, Charles Oliver paid to John Deere Insurance $4,200 to retain ownership and possession of the tractor, and brought suit against Jim Blackwell for breach of warranty of title.[1]

Blackwell, in turn, sued David Keith Adams, from whom he had purchased the tractor on June 15, 1996. Adams subsequently sued Everett Nunley, who had sold Adams the tractor on September 26, 1990. Everett Nunley had purchased the tractor in 1984 from Vernon Implement Company. As an affirmative defense to Adam's claim against him, Nunley asserted that Adam's action was barred by "applicable statutes of limitation, RSMo. Section 516.120 and RSMo. 400.2–725(1)."

Prior to February of 1998, no party to the action was aware that the tractor had originally been stolen, and purchasers paid fair market value when they purchased the tractor. The trial court found for each plaintiff against each successive seller. Everett Nunley appeals, presenting one point relied on.

Appellant contends that:

The trial court erred in entering its judgment against Everett Nunley and for David Adams because the claim of David Adams was barred by Section 400.2–725(1), R.S.Mo. (1963) in that David Adams' claim accrued on September 26, 1990, the date of his purchase of the tractor from Everett Nunley, and

his lawsuit was filed on September 29, 1998, which was more than the four-year period allowed by Section 400.2–725.(1) for the filing of these actions.

■ Appellant concedes that, "but for a defense based on a statute of limitation," he would be liable on Plaintiff's claim, in that each seller breached his warranty of title, causing each to be liable to the one who purchased the tractor. Appellant contends that Section 400.2–725(1), RSMo 1994, "clearly limits the time period to four years," and subsection (2) provides that the cause of action accrues "when tender of delivery is made." Therefore, he asserts Section 400.2–725 bars any recovery against Appellant.

Appellant cites for case authority only *Wienberg v. Independence Lincoln–Mercury, Inc.*, 948 S.W.2d 685 (Mo.App.1997), to support his contention that, except for warranties of future performance, a cause of action accrues when delivery is made. We do not feel *Wienberg* controls, as it did not involve a claim for indemnity. Respondent's petition against Appellant seeks indemnity in the event he is found liable to Defendant and Third–Party Plaintiff Blackwell. If so, Respondent sought recovery for any amounts for which he may be found liable due to his sale of the tractor.

In *City of Clayton v. Grumman Emergency Products, Inc.*, 576 F.Supp. 1122 (E.D.Mo.1983), the city brought an action against the seller of a truck on theories of breach of warranty and others. The seller then joined the manufacturer of the truck frame as a third-party defendant. The manufacturer contended that the claim against it was time-barred by Section 400.2–725, RSMo 1978, as the claims were brought nearly five years after the frame was delivered to the third-party plaintiff. The court denied the statute of limitations contention, holding that, under Missouri law, claims for indemnity do not start to

---

1. The parties' stipulation provided only the name "John Deere Insurance" as the insurer.

run until the indemnitee is found liable to a third party. 576 F.Supp. at 1127.

■ That decision correctly states the law of this state. A cause of action for indemnity against this type of claim is one against liability, which does not accrue until the claim against the indemnitee is resolved. *Simon v. Kansas City Rug Co.,* 460 S.W.2d 596, 600 (Mo.1970); *Burns & McDonnell Engineering Co., Inc. v. Torson Constr. Co., Inc.,* 834 S.W.2d 755, 758 (Mo.App.1992). As Respondent's claim was for indemnity, it was not time barred.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.